CARMEN McALPIN CLARKE,

                         **Plaintiff,**                **1:08-cv-86**

    **v.**

MARRIOTT INTERNATIONAL, INC.,

                         **Defendant.**

TO:    Lee J. Rohn, Esq.
         Rachelle M. Shocklee, Esq.

## ORDER

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant to Supplement Responses to Discovery (Docket No. 30).

As the record reflects and the Court reiterated in its Order (Docket No. 29) granting Plaintiff's Motion to Extend Scheduling Deadlines, the original general discovery deadline was May 29, 2009. Notwithstanding the fact that the Court will allow additional discovery and set a new deadline in the event this matter is not resolved summarily, discovery regarding the issue of Defendant's liability was closed on April 18, 2009, and will not be reopened. Order (Docket No. 29) at 2. Plaintiff claims that the discovery at issue that she

propounded to Defendant on February 23, 2009, was limited to the issue of liability and

Defendant's motion to dismiss.  Motion at 1.

The Court previously has adopted the general rule that motions to compel discovery

must be filed within the time allowed for the discovery itself.

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a
> Motion to Compel must be brought, courts have made it clear that a party
> seeking to compel discovery must do so in timely fashion.  *Buttler v. Benson,*
> 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available
> discovery remedies for months and then, on the eve of trial, move the court
> for an order compelling production.").  Once, as here, a party registers a
> timely objection to requested production, the initiative rests with the party
> seeking production to move for an order compelling it.  *Clinchfield R. Co. v.
> Lynch,* 700 F.2d 126, 132 n.10 (4th Cir. 1983).  Failure to pursue a discovery
> remedy in timely fashion may constitute a waiver of discovery violations.
> *DesRosiers v. Moran,* 949 F.2d 15, 22 n.8 (1st Cir. 1991).  It is especially
> important that a party file its motion before discovery cutoff.  *American
> Motorists Insurance Co. v. General Host Corp.,* 162 F.R.D. 646, 647-48 (D. Kan.
> 1995) (motion to compel denied where defendant made "absolutely no effort"
> to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.,* 211 F.R.D. 442, 444 (N.D.

Okla. 2002).  *See also, e.g., Ayala-Gerena v. Bristol Meyers-Squibb, Co.,* 95 F.3d 86, 94 (1st Cir.

1996) (where the appellate court ruled that the district court's denial of "what was clearly"

an untimely motion to compel document production was not an abuse of discretion where

movants "waited more than one month after a second extended discovery deadline had

elapsed to properly request an order"); *Lloyd v. Waffle House, Inc.,* 347 F. Supp. 2d 249, 256

(W.D.N.C. 2004) (where the court flatly declares, " A motion to compel discovery must be filed within the discovery deadline"); *Capozzi v. Gale Group, Inc.*, Civil No. 3:00CV2129 (WWE), 2002 WL 1627626 (D. Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-GV, 2001 WL 1910058 at *4 (W.D. Tenn. September 21, 2001) (where the court states "Moreover, the motion to compel was filed with the court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed.  If for no other reason, the motion should be denied as untimely filed after the discovery deadline") (footnote omitted)).  Consequently, the Court finds that Plaintiff's motion to compel, filed almost four (4) months after the close of limited discovery, is untimely.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Defendant to Supplement Responses to Discovery (Docket No. 30) is **DENIED**.

ENTER:


Dated: August 13, 2009                           /s/ George W. Cannon, Jr.
                                                 GEORGE W. CANNON, JR.
                                                 U.S. MAGISTRATE JUDGE