# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| CARMEN McALPIN CLARKE,<br><br>                               **Plaintiff**,<br>  v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br>ROYAL ST. KITTS BEACH RESORT, LTD.,<br>LUXURY HOTELS INTERNATIONAL<br>MANAGEMENT ST. KITTS, LTD. f/k/a<br>MARRIOTT ST. KITTS MANAGEMENT<br>COMPANY, INC.,<br><br>                               **Defendants.** | 1:08-cv-86 |

**TO:**    Lee J. Rohn, Esq.
         Andrew C. Simpson, Esq.
         Dr. Gary Jett
             P.O. Box 5123
             Christainsted, VI 00823

## ORDER

THIS MATTER came before the Court upon Defendant Marriott International, Inc.'s Motions to Compel Compliance with Subpoena (Docket Nos. 71 and 72).[1] Plaintiff filed an opposition to said motion, and said Defendant filed a reply thereto.

---

1. In the docket text, said Defendant notes that Docket No. 72, its purported "amended" motion to compel, is "[a]mended to add exhibits only." In all other respects, the text of the motions filed at Docket No. 71 and No. 72 are identical.

Defendant served a subpoena duces tecum on Dr. Gary Jett on July 1, 2009. Motion at 1. *See also* Notice of Filing Proof of Service of Subpoena (Docket No. 28). A response was due by July 15, 2009. *Id*. at Attachment #1. According to Defendant, Dr. Jett failed to respond to the subpoena at issue, as well as a request for medical records pursuant to an authorization executed by Plaintiff. Motion at 1.

Plaintiff claims that Dr. Jett has been designated as an expert witness and, therefore, need not comply with the subpoena. Opposition at 1. Plaintiff also argues that, because discovery in this matter has been stayed, Defendant's motion should be denied.

**DISCUSSION**

Discovery from a nonparty through a subpoena duces tecum is expressly allowed by Federal Rule of Civil Procedure 45. *See, e.g, Miller v. Allstate Fire and Cas. Ins. Co.*, Civil No. 07-260, 2009 WL 700142 (W.D. Pa. March 17, 2009). The Court finds that the documents requested by the subpoena at issue, medical records pertaining to Dr. Jett's treatment of Plaintiff, are relevant and fall within the scope of proper discovery. Plaintiff does not argue otherwise. Further, neither Plaintiff nor the recipient of the subpoena, Dr. Jett, argue that the production requested is unduly burdensome or expensive.

As the *Miller* court succinctly observes:

> The recipient of a subpoena that directs production or inspection may utilize three separate procedures to avoid compliance: 1) serving written objections pursuant to Rule 45(c)(2)[(]B); 2) moving to quash or modify pursuant to Rule 45(c)(3); or 3) moving for a protective order under Federal Rule of Civil Procedure 26(c).

*Miller*, 2009 WL 700142 at *2. In the matter at bar, Dr. Jett, the subpoena recipient, took none of those actions. The only response has been Plaintiff's opposition to the current motion to compel.

Plaintiff seeks to excuse Dr. Jett's failure to comply with the subpoena at issue based upon his purported designation as an expert witness. However, as of December 18, 2009, Plaintiff had not retained any experts. Reply at 2 and Exhibit A attached thereto. The subpoena was served on July 1, 2009.

Even if the Court accepted Plaintiff's representation that Dr. Jett has been retained as an expert witness in this matter, the Court previously has stated that treating physicians are "'treated by the federal and local rules as ordinary witnesses whose evidence is fully discoverable.'" *Sutherland v. Hyannis Air Services, Inc.*, No. 2006-CV-0001, 2008 WL 5377889 (D.V.I. December 23, 2008) (quoting LRCi 26.3, Editor's Note).

Plaintiff does not dispute Dr. Jett was or is Plaintiff's treating physician. Consequently, the Court finds that Dr. Jett is subject to the subpoena and must produce Plaintiff's medical records generated during such treatment by Dr. Jett.

In a further effort to avoid obeying the subpoena, Plaintiff asserts that compliance is not required because this matter has been stayed. The Court finds that the stay does not affect the production of the requested documents as the subpoena was issued and compliance was due prior to the date the stay was imposed.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Compel Compliance with Subpoena (Docket No. 72) is **GRANTED**.

2. Defendant's Motion to Compel Compliance with Subpoena (Docket No. 71) is **DENIED AS MOOT**.

3. Dr. Jett shall produce the documents as described in the subpoena at issue to counsel for Defendant on or before **February 24, 2010**.

ENTER:

Dated: February 10, 2010

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE