## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

CARMEN MCALPIN CLARKE                      )
                                           )
                        Plaintiff,         )     CIV. NO.: 1:08-cv-00086
           v.                              )
                                           )     ACTION FOR DAMAGES
MARRIOT INTERNATIONAL, INC., ROYAL         )
ST. KITTS BEACH RESORT, LTD., LUXURY       )
HOTELS INTERNATIONAL MANAGEMENT            )
ST. KITTS, LTD. f/ka/ MARRIOT ST KITTS     )
MANAGEMENT COMPANY, INC.                   )
                                           )
                        Defendants.        )
_____)

## MEMORANDUM OPINION

Finch, Senior Judge

### I.    Introduction

        This matter comes before the Court on Plaintiff's Appeal of the Magistrate Judge's

September 4, 2009 Order.  This dispute centers on a deadline set by the Magistrate Judge for

discovery on the limited issue of the relationship between Defendant St. Kitts Resort and Royal

Beach Casino ("St. Kitts Resort") and Defendant Marriot International, Inc. ("MII").  Over two

months after the discovery deadline had passed, Plaintiff Carmen McAlpin Clarke sought an

extension of the deadline, which was denied by the Magistrate Judge.  Over a month and half

after that, Plaintiff filed a motion to compel further responses to her discovery requests, which

was also denied by the Magistrate Judge.  Plaintiff moved for reconsideration of those two

orders.   On September 4, 2009, the Magistrate Judge denied Plaintiff's Motions for

Reconsideration and this appeal ensued.   After reviewing the briefs of the parties, the Court

finds that the Magistrate Judge's Orders were neither clearly erroneous nor contrary to law. Accordingly, Plaintiff's appeal of the September 4, 2009 Order is denied.

## II.    Facts

On September 23, 2008, Plaintiff filed a negligence action against MII alleging that she was injured when she slipped and fell in a bathtub at the St. Kitts Resort.[1]  Plaintiff alleged that MII was liable because "it failed to properly ensure that the St. Kitts Marriott was in a safe condition and failed to ensure it was suitable to bear the Marriott logo as the hotel failed to provide mats in the tubs for persons taking showers." (Complaint ¶¶ 4-8, Docket No. 1.)  On December 29, 2008, Defendant filed a motion requesting that the Court stay discovery[2] and order a separate trial on the issue of its ownership, control, or management of the St. Kitts Resort, contending that MII "has no direct ownership interest over either the owner or the manager of the hotel[,] no involvement in the day-to-day operations at the hotel and does not supervise or control the operations at the hotel." [3]   (Def.'s Mot. for Partial Stay 2, Docket No. 12.)  Plaintiff opposed this motion.  On February 18, 2009, the Magistrate Judge partially granted the motion and ordered a partial stay of discovery, to wit:

> Discovery shall be limited to the issue of the relationship between Defendant and the St. Kitts Resort and Royal Beach Casino in an attempt to determine Defendant's liability, if any. All other discovery in this matter is STAYED for a period of sixty (60) days.

---

[1] Pursuant to leave granted by the Court, Plaintiff filed a First Amended Complaint on October 27, 2009, adding Royal St. Kitts Beach Resort Ltd. and Luxury Hotels Int'l Management St. Kitts as defendants.  (*See* Docket No. 63.)

[2] On November 6, 2008, the Magistrate Judge issued a scheduling order setting May 29, 2009 as the deadline for fact discovery.  (November 6, 2008 Order, Docket No. 7.)

[3] MII has filed a motion for summary judgment contending that the St. Kitts Resort is a separate legal entity from MII and that it is, therefore, not liable for the injuries allegedly sustained by Plaintiff.  (*See* Docket No. 36.)

(February 18, 2009 Order, Docket No. 14.)  Thus, Plaintiff was given until April 18, 2009 (sixty days from February 18, 2009) to conduct discovery related to the relationship between MII and St. Kitts Resort.

On February 23, 2009, Plaintiff propounded her First Set of Interrogatories, a "Limited Demand for Production of Documents," and a set of "Limited Requests for Admission" to MII. (*See* Docket Nos. 15-17.)  On March 24, 2009, the parties filed a "Stipulation For Extension of Time for Defendant to Respond to Plaintiff's Limited Discovery Requests," giving MII an additional ten days to respond.  (Docket No. 18.)  The following day, the Magistrate Judge issued an order finding the Stipulation for Extension of Time moot and reiterated that the deadline for factual discovery was May 29, 2009.  (March 25, 2009 Order, Docket No. 19.)  On April 6 and then again on April 8, 2009, Defendant served its responses to Plaintiff's document requests, interrogatories, and requests for admission.  (Docket Nos. 21-22.)  Defendant supplemented its responses Plaintiff's Limited Requests for Admission on June 15, 2009. (Docket No. 24.)

On July 2, 2009, Plaintiff sent a meet and confer letter to Defendant contending that its discovery responses were incomplete.  (*See* July 2, 2009 Letter, attached as Ex 2 to Pl.'s Mot. To Compel, Docket No. 30-2.)   Defendant responded on July 10, 2009, indicating that it believed its discovery responses were sufficient.  The parties held a meet and confer on July 23, 2009 where Defendant stated that it would not further supplement its discovery responses.  (*See* Joint Stipulation Pursuant to LRCi 37.2(A), attached as Ex 4 to Pl.'s Mot. to Compel, Docket No. 30-4.)

On June 23, 2009, Plaintiff contacted Defendant to schedule depositions on the "jurisdictional issue."[4]  (*See* Pl.'s Mot. to Extend Scheduling Deadlines 2, Docket No. 25.)  On June 24, 2009, Defendant refused to schedule the requested depositions on the grounds that the limited discovery period had already closed. (*Id*. at 3.)  On June 26, 2009, Plaintiff filed a motion to extend the discovery deadline wherein she explained that "she believed that the deadline to conduct written discovery on the Jurisdictional issue was May 29, 2009 and believed that she had complied with that deadline."  (*Id*. at 2.)  On August 4, 2009, the Magistrate Judge stayed the deadlines in the November 6, 2008 Order, but held that "Discovery regarding the issue of Defendant's liability was closed on April 18, 2009, and will not be reopened.  The parties shall have thirty (30) days in which to file any summary judgment motions on the issue."  (*See* August 4, 2009 Order 2, Docket No. 29.)

On August 12, 2009, Plaintiff filed a Motion to Compel further responses to its limited "jurisdictional" discovery requests.  The following day, August 13, 2009, the Magistrate Judge denied Plaintiff's Motion to Compel finding that:

> [D]iscovery regarding the issue of Defendant's liability was closed on April 18, 2009, and will not be reopened . . . [M]otions to compel discovery must be filed within the time allowed for the discovery itself . . . Plaintiff's motion to compel, filed almost four (4) months after the close of limited discovery, is untimely.

(August 13, 2009 Order, Docket No. 31.)  That same day, Plaintiff filed motions seeking reconsideration of the Magistrate Judge's August 4, 2009 and August 13, 2009 Orders.  On September 4, 2009, the Magistrate Judge denied both motions for reconsideration.  (*See*

---

[4] The phrase "jurisdictional issue" refers to the relationship between Defendant and St. Kitts Resort.  At times, the parties and the Magistrate Judge also referred to this as the issue of MMI's "liability."

September 4, 2009 Order, Docket No. 43.)  On September 10, 2009, Plaintiff timely filed this appeal of the Magistrate Judge's September 4, 2009 Order.

## III.    Discussion

### a.  Standard of Review

Under Local Rule of Civil Procedure 72.1, magistrate judges in the Virgin Islands are "designated to hear and determine in all civil causes any pretrial matter permitted by 28 U.S.C. § 636."  This includes discovery matters.  "[T]he proper standard of review for discovery orders is the clearly erroneous or contrary to law standard." *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 92 (3d Cir. 1992)) (citations omitted); *Nicholas v. Wyndham Intern. Inc.*, 218 F.R.D. 122, 123 (D.V.I. 2003) (reviewing magistrate judge's discovery order under clearly erroneous or contrary to law standard); *see also Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 146 (3d Cir. 2009) (citation omitted) ("A district judge may only set aside an order of a magistrate concerning a nondispositive matter where the order has been shown to be clearly erroneous or contrary to law."); *United States v. Bennett*, 2008 WL 2149440, at *3 (D.V.I. 2008) (same); 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).   Under the clearly erroneous standard, "a reviewing court can upset a [magistrate's] finding of fact, even when supported by some evidence, but only if the court has the definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92 (citing *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)).  A magistrate's finding of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Benjamin,* 2009 U.S. Dist. LEXIS 73213, at *6.

"[C]ontrol of discovery is committed to the discretion of the trial court." *McMullen v. Bay Ship Management*, 335 F.3d 215, 217 (3d Cir. 2003). When ruling on non-dispositive pretrial matters such as discovery, "Magistrate Judge's decisions are accorded wide discretion." *Benjamin v. Esso Std. Oil Co.*, 2009 U.S. Dist. LEXIS 73213, at *6 (D.V.I. 2009) (citing *National Labor Relations Board v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)). "A party seeking to overturn a discovery order. . . bears a heavy burden. Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes." *Botta v. Barnhart*, 475 F.Supp.2d 174, 185 (E.D.N.Y. 2007) (internal quotations and citations omitted).

### b. The August 4, 2009 Order

Plaintiff claims that the Magistrate Judge erred in his August 4, 2009 Order when he held that discovery regarding the issue of Defendant's liability closed on April 18, 2009. Plaintiff argues several reasons why the Magistrate Judge's August 4, 2009 Order was erroneous, none of which have any merit.

First, Plaintiff claims that the sixty day limit set by the Magistrate Judge was "arbitrary and unreasonable" and too short to complete the necessary discovery regarding the relationship between MII and Marriot St. Kitts. [5] (Pl.'s Appeal 9.) Plaintiff may not now challenge the

---

[5] Plaintiff also asserts that Defendant misled the Magistrate Judge into believing that sixty days would be sufficient to conduct the "liability" discovery when it knew or should have known otherwise. (Pl.'s Appeal 2.) Defendant's alleged misrepresentation stems from its statement to the Court that a 30(b)(6) deposition of a MII representative would be sufficient discovery to determine the relationship between MII and St. Kitts Resort. (*See* Def.'s Mot. for Partial Stay 4.) Defendant's suggestion as to what discovery it felt was appropriate can hardly be considered a misrepresentation. In any event, Plaintiff voiced its disagreement with Defendant's assessment of what discovery would be necessary on the issue of the relationship between MII and the St.

Magistrate Judge's February 18, 2009 Order as the time to appeal that Order has long since expired. *See* Fed. R. Civ. P. 72(a) ("a party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). Moreover, if Plaintiff did not believe that sixty days were sufficient to conduct the necessary discovery, she should have taken affirmative steps to extend the deadline. Her recourse included seeking an extension of the discovery deadline from the Magistrate Judge within the sixty day period, timely requesting the Magistrate Judge to modify or reconsider his February 18, 2009 Order, timely appealing the February 18, 2009 Order to this Court, or obtaining a stipulation from MII to extend the sixty day period. *See Banks v. CBOCS West, Inc.,* 2004 WL 723767, at *2-3 (N.D.Ill. 2004) (noting that a party has "plenty of options" if it thinks that it cannot complete the necessary discovery before the cut-off date, including a timely motion for extension or stipulation for extension from opposing counsel). Despite this panoply of options, Plaintiff waited long after the deadline expired to seek relief.

Plaintiff next argues that she reasonably believed that the liability discovery period had been extended to May 29, 2009. In her appeal, Plaintiff does not clearly explain the genesis of this belief. However, in her June 26, 2009 Motion to Extend the Scheduling Deadlines, Plaintiff claimed that the Magistrate Judge's March 25, 2009 Order stating that "[t]he deadline for factual discovery is May 29, 2009" led her to believe that "the deadline to conduct written discovery on the Jurisdictional issue was May 29, 2009." (Pl.'s Mot. to Extend Scheduling Deadlines 2, Docket No. 25.) Plaintiff's belief that the sixty day period for liability discovery had been extended to May 29, 2009 was not reasonable. The Magistrate's March 25, 2009 Order applied

---

Kitts Resort in its opposition to Defendant's Motion for Partial Stay. (See Pl.'s Opp. To Motion for Partial Stay 3-4, Docket No. 13.)

to "factual discovery," and reflected the Court's prior scheduling order which set May 29, 2009 as the deadline for "factual discovery." (*See* November 6, 2008 Order.)

Even if Plaintiff reasonably believed that discovery regarding the relationship between MII and St. Kitts Resort was extended to May 29, 2009, it still does not explain why she waited until June 23 to request depositions on this issue. The Magistrate Judge's February 18, 2009 Order did not limit itself to written discovery. And as early as January 14, 2009, Plaintiff anticipated that she would need to depose MMI's 30(b)(6) representative as well as St. Kitts Resort and Luxury Hotels International Management to "for a trial on this [liability] issue." (Pl.'s Opp. To Def.'s Mot. For Partial Stay of Discovery 4, Docket No. 13.) If Plaintiff really believed that May 29, 2009 was the deadline, she should have taken these depositions before then or taken timely steps to extend the deadline.

Finally, Plaintiff claims Defendant explicitly and tacitly agreed to extend the sixty day discovery period set by the Magistrate Judge in his February 18, 2009 Order.[6] Plaintiff argues that "by not objecting that the deadline for parent liability discovery had closed [in its July 10, 2009 Meet and Confer Letter] . . . [Defendant] indicat[ed] that it had agreed to extend the deadline as to parent liability discovery." (Pl.'s Appeal 4.) Plaintiff claims that Defendant "suddenly changed positions when Plaintiff sought to schedule depositions." (*Id*. at 10-11.) Plaintiff concludes that "all of the parties believed that discovery remained open and it would be inequitable to prevent Plaintiff from deposing the witnesses she needs to establish her case as to

---

[6] For example, Plaintiff contends that "after consultation with Defendant that the deadlines would be extended if not met[,] Plaintiff agreed . . . [to] a ten-day extension of time to respond to discovery." (Pl.'s Appeal 3.) Later, Plaintiff contends that "[i]n keeping with the *tacit* agreement that the May 29, 2009 deadline was unreasonable and unmeetable, Defendant did not file its supplemental responses to the Request for Admissions until June 15, 2009." (*Id*. at 5) (emphasis added).

jurisdiction." (*Id.* at 8). MII responds that there was no agreement to extend the sixty day discovery period and that it was not operating under the assumption that the discovery cut-off had been extended by agreement as evidenced by its refusal to schedule a deposition outside the sixty day period. (Def.'s Opp. 4.)

There are several flaws in Plaintiff's argument. First, and perhaps most troubling, Plaintiff made no mention of any agreement to extend the discovery deadline to the Magistrate Judge. The closest she comes is when she states that "All parties have taken the position and acted as if the discovery deadline had not expired and in fact were not under the impression that it had not until the Court's order." (Pl.'s Mot. to Reconsider Denial of Motion to Compel 1, Docket No. 33.) The assertion that Defendant acted as if the discovery deadline had not passed is a far cry from an actual agreement to extend the discovery deadline. Moreover, Defendant had no reason to raise the passage of the discovery deadline until June 23, 2009, when Plaintiff requested deposition dates as that was the first discovery request made by Plaintiff after the April 19 discovery deadline had lapsed. The fact that Defendant made no timeliness objection until then is of no consequence.

A party may be estopped from asserting the discovery cut-off as a defense to responding to discovery when it has agreed to an extension. *See Plante v. Rosane*, 2008 WL 2064632, at *2 (D.V.I. 2008) (denying plaintiff's appeal of Magistrate Judge's denial of motion for protective order because plaintiff had entered into stipulation extending discovery deadline); *Rivera-Mercado v. General Motors Corp.*, 51 V.I. 307, 338 (V.I. 2009) (reversing denial of Rule 56(f) motion because "any challenge or complaints about Appellant's alleged dilatoriness on discovery would be undermined by the parties' stipulation."). However, there must be some objective manifestation by the other party that there has been agreement to extend the discovery deadline.

*See Days Inn Worldwide, Inc,* 237 F.R.D. at 398 (finding that motion to compel was untimely because Plaintiff "presented no evidence of a binding agreement to extend the discovery deadline."). Here, Plaintiff has presented no evidence – no letter, email, stipulation, declaration under oath, or otherwise – that there was an agreement to extend the discovery deadline.[7]

Plaintiff asserts that MII's post deadline discovery conduct is evidence that there was an agreement to extend the discovery deadline.[8] However, responding to discovery requests after discovery has closed is not a waiver of a later timeliness objection. *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D.Tex. 2006) ("[A] party's actions after the close of discovery do not necessarily negate an objection to the timeliness of a subsequent discovery motion."); *Flynn v. Health Advocate, Inc.*, 2005 WL 288989, at *8 (E.D.Pa. 2005) (finding no merit to argument that defendants' actions after the close of discovery in continuing to produce responsive documents negated their timeliness objection to plaintiff's motion to compel filed after the close of discovery); *Banks,* 2004 WL 723767, at *3 ("There is no law to support the proposition that a discovery-related communication sent after the close of discovery or the occurrence of any discovery after the close of discovery operates as a waiver of timeliness objections to discovery requests after the close of discovery."). By that same token, MII's post-deadline silence is not persuasive evidence of an agreement to extend discovery and does not

---

[7] Defendant substantially undermines her argument that there was an agreement to extend discovery when she claims that "Defendant did not oppose [her motion to compel] on the grounds discovery was closed [sic], but instead opposes it on substantiated grounds again establishing that there was an agreement to extend." (Pl.'s Appeal 4.) However, the record is clear that Defendant did not file any opposition to the motion to compel as the Magistrate Judge summarily denied the motion as untimely the day after it was filed.

[8] Defendant's only post April 18, 2009 deadline discovery activity was to supplement responses to Plaintiff's requests for admission on June 15, 2009. Other than that, it does not appear that Defendant and Plaintiff had any contact related to discovery from April 17, 2009 until June 24, 2009, when Defendant declined Plaintiff's request for deposition dates.

waive MII's timeliness objection to any of Plaintiff's post-deadline discovery or extension requests.

A court's conduct of discovery procedures should not be upset "absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000) (quotation omitted). Here, Plaintiff first sought a deposition regarding the relationship between MII and St. Kitts Resort over two months after the sixty day liability discovery period had elapsed. Having taken no action to secure a deposition date within the sixty day period and waiting over two months after limited discovery had closed to request one, Plaintiff has not demonstrated that she was diligent in obtaining this evidence. *Rosetsky v. Nat'l Bd. of Med. Examiners of the United States*, 350 Fed. Appx. 698 (3d Cir. 2009) (unpublished) (denying motion to extend discovery deadline because "rather than attempting to work within the sixty-day discovery schedule set by the district court, [plaintiff's] counsel waited until the eve of the deadline to notice any depositions."); *Audi AG v. D'Amato,* 469 F.3d 534, 542 (6th Cir. 2006) (affirming district court's denial of motion to compel and extend discovery deadline because "a delay of two-and-a-half months is dilatory."). Accordingly, the Court can find no clear error in the Magistrate Judge's August 4, 2009 Order denying Plaintiffs Motion to Extend the Scheduling Deadlines or in denying Plaintiff's Motion to Reconsider the August 4, 2009 Order.

### c. The August 13, 2009 Order

Plaintiff claims that the Magistrate Judge erred in his August 13, 2009 Order by denying her motion to compel. Plaintiff argues that her motion to compel should be granted because the

delay in bringing the motion was due to MII's actions and that she was diligent in pursuing discovery. She largely repeats the same arguments made regarding the August 3, 2009 Order, and for the reasons stated above, the Court finds them unpersuasive.

In denying Plaintiff's Motion to Compel, the Magistrate Judge held that "motions to compel discovery must be filed within the time allowed for the discovery itself . . . Plaintiff's motion to compel, filed almost four (4) months after the close of limited discovery, is untimely." (August 13, 2009 Order 2-3) (citing cases). The Magistrate Judge's statement of the law is well supported and is not "contrary to law."[9] *See Finizie v. Shineski*, 351 Fed. Appx. 668, 672 (3d Cir. 2009) (unpublished) (affirming district court's denial of motion to compel that was filed at least two weeks "after discovery had closed."); *Rossetto v. Pabst Brewing Co*., 217 F.3d 539, 542 (7th Cir. 2000) (finding no merit to contention that district court's denial of discovery motion was error where the motion was filed two months after the date set by the court for the completion of discovery and the plaintiffs gave no excuse for tardiness; *Frazier v. SCI Medical Dispensary Doctor ± 2 Staff Members*, 2009 WL 136724, at *2 (M.D.Pa. 2009) ("A motion to compel after the close of discovery is not timely and will be denied absent special circumstances."); *Days Inn Worldwide, Inc.,* 237 F.R.D. at 398 (holding that motion to compel must be filed before close of discovery) (collecting cases); *Flynn,* 2005 WL 288989, at *8 (holding that motion to compel filed after discovery closed and summary judgment motions had been filed was untimely) (citing cases); *Banks*, 2004 WL 723767, at *2 (holding that motion to compel filed two months after the close of discovery was untimely); *but see McFadden v.*

---

[9] This Court does not hold that a motion to compel is untimely *per se* if filed after the discovery cut-off. There might be extenuating circumstances where an otherwise diligent party was unable to move to compel until after the deadline. But here, where there is a specific limited discovery period regarding a threshold issue, a motion to compel filed nearly four months after that deadline cannot be said to be timely.

*Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 11 (D.D.C. 2007) (holding that motion to compel was timely even though filed after discovery deadline because "if such a motion could not be filed after the discovery period, it would create an incentive to delay responses and then 'run out the clock.'").[10]

The Court now turns to Plaintiff's reasons for why her Motion to Compel was not filed prior to the April 18, 2009 liability discovery cut-off. Plaintiff contends that she was "diligently working to resolve contentious written factual discovery issues in a timely manner." (Pl.'s Appeal 10.) She also claims that her Motion to Compel was timely because it was filed as soon as the requirements under Local Rule of Civil Procedure 37.1 were met. Neither of Plaintiff's reasons are sufficient to justify the filing of her Motion to Compel nearly four months after the deadline had passed.

The record does not reflect that Plaintiff was diligent in obtaining liability discovery during the sixty day period. Plaintiff propounded her written discovery on February 23, 2009 and Defendant responded on April 6 and 8. On July 2, 2009, nearly three months later, Plaintiff sent a meet and confer letter to Defendant contending that its discovery responses were "insufficient."[11]   Plaintiffs only explanation for this twelve week delay was that she was

---

[10] A later decision by the same court noted that courts will consider "motions related to discovery, even though they are filed outside the discovery period, especially where the time of filing of such a motion is attributable, as it is here, to the parties' attempted settlement of the discovery dispute." *Lurie v. Mid-Atlantic Permanente Medical Group, P.C.*, 262 F.R.D. 29, 31 (D.D.C. 2009). In this case, MII's responses were not significantly delayed, Plaintiff did not begin meeting and conferring until nearly three months after the discovery deadline had expired, and her delay in filing the motion to compel cannot be attributed to her attempt to resolve the discovery dispute.

[11] In her motion to compel, Plaintiff claims that "[o]n June 25, 2009, Plaintiff wrote to Defendant indicating its responses to discovery were insufficient." (Pl.'s Mot. to Compel 1.) However, in her appeal, Plaintiff states that "on July 2, 2009 Plaintiff wrote to Defendant indicating its responses to discovery were wholly insufficient" (Pl.'s Appeal 4). The July 2, 2009 date is

"reviewing the Defendant's discovery responses in depth and completing trials." (Pl.'s Appeal 4.) However, if Defendant's responses were "woefully inadequate," as suggested by Plaintiff (*see* Pl.'s Appeal 10), it should not have taken her three months to review them "in depth" in order to write a meet and confer letter. *See Celgene Corp. v. Centocor, Inc.*, 2006 WL 305431, at *1 (E.D.Pa. 2006) (denying motion to compel as untimely because "Plaintiff was aware of the deficiencies it considered in Defendant's production of documents and corporate designee testimony many weeks, if not months, prior to the filing of their Motion to Compel."). Furthermore, if Plaintiff's counsel had trials on her calendar that prevented her from pursuing discovery in this case, she should have sought a reasonable extension from the Court prior to the discovery deadline, not two months after. *See Black v. Bowes*, 2006 WL 3771097, *7 (S.D.N.Y. 2006) ("The Court is always open to timely requests to extend deadlines when there is a legitimate need to do so, but there should therefore be little reason for post hoc requests for extensions."); *Banks,* 2004 WL 723767, at *2 ("The busy schedule of Plaintiff's counsel does not justify allowing him to file this untimely motion. Although I am certainly willing to consider a lawyer's prior commitments as *ante facto* justification for extending deadlines, I am uncomfortable doing so *post facto*.").

Furthermore, nothing in Local Rule of Civil Procedure 37.1, requiring that counsel meet and confer "to eliminate the necessity for the motion or to eliminate as many of the disputes as possible," prevented or prohibited Plaintiff from meeting and conferring immediately after receiving Defendant's "woefully inadequate" responses. *See Fu v. Widnall*, 16 Fed.Appx. 571, 572 (9th Cir. 2001) (unpublished) (declining to find compliance with "meet and confer rules for discovery disputes" as valid excuse for failure to complete discovery within discovery period).

consistent with the meet and confer letter included with Plaintiff's Motion to Compel, which is also dated July 2, 2009.

Similarly, Local Rule 37.2, requiring that the parties enter into a stipulation regarding their inability to resolve discovery disputes, did not prevent Plaintiff from obtaining this stipulation prior to the liability discovery cut-off.

The Court can find no error in the Magistrate Judge's August 13, 2009 Order denying Plaintiff's Motion to Compel or in denying Plaintiff's Motion to Reconsider the August 13, 2009 Order.

**IV.     Conclusion**

For the foregoing reasons, the Court concludes that Plaintiff's Appeal of the Magistrate Judge's September 4, 2009 Order is DENIED. An appropriate Order accompanies this Memorandum Opinion.

**ENTERED this 23rd day of April, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE