DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CARMEN MCALPIN CLARKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MARRIOTT INTERNATIONAL, INC., ROYAL ST. KITTS BEACH RESORT, LTD., LUXURY HOTELS INTERNATIONAL MANAGEMENT ST. KITTS, LTD. f/k/a MARRIOTT ST KITTS MANAGEMENT COMPANY, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 2008-086

**Attorneys:**
**Lee Rohn, Esq.,**
St. Croix, USVI
  *For the Plaintiff*

**Michael J. Sanford, Esq.,**
St. Croix, USVI
  *For Luxury Hotels International Management St. Kitts, Ltd., and*
  *Royal St. Kitts Beach Resort, Ltd.*

**Andrew Simpson, Esq.,**
St. Croix, USVI
  *For Marriott International, Inc.*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER is before the Court on Plaintiff Carmen McAlpin Clarke's "Notice of Objection to and Appeal of Magistrate's Order Dated May 9, 2011," which was filed on June 22, 2011. (Dkt. No. 198). For the reasons discussed below, the Court will deny Plaintiff's appeal.

## I. BACKGROUND

On February 4, 2011, Plaintiff filed a "Motion to Compel Royal St. Kitts Beach Resort to Supplement Its Responses to Discovery." (Dkt. No. 152). Defendant Royal St. Kitts Beach Resort did not file a response. On May 9, 2011, the Magistrate Judge issued an Order granting in part and denying in part Plaintiff's Motion to Compel. (Dkt. No. 178). On June 22, 2011—forty-four days after the Magistrate Judge's May 9 2011 Order—Plaintiff filed the instant appeal of the Order. (Dkt. No. 198). Defendant Royal St. Kitts Beach Resort did not file a response to Plaintiff's appeal.

## II. APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 72(a) states, in pertinent part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order *within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.* The district judge in the case *must consider timely objections* and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a) (emphasis added).

By its language, Rule 72(a) imposes a fourteen-day period for the filing of objections to orders by the Magistrate Judge. Cases holding that an untimely appeal from an order by a magistrate judge bars further review by the District Court are legion. *See Altman v. Grant County School Dist.*, 2012 WL 845294, at *1 (E.D. Ky. March 12, 2012) (appeal of magistrate order was filed "well outside the fourteen days provided under Rule 72(a) and, therefore, the objections cannot be considered."); *Polansky v. Kelly*, 2011 WL 6754052, at *1 (S.D. Ill. Dec. 23, 2011)

("defendants' appeals of th[e magistrate judge's] orders are untimely and will not be considered by the Court."); *Schmidt v. Mars, Inc.*, 2011 WL 2421241, at *3 (D.N.J. June 13, 2011) (finding that appeal that came four months after magistrate judge's order was untimely); *JP Morgan Chase Bank v. Neovi, Inc.*, 2007 WL 1875928, at *4 (S.D. Ohio June 20, 2007) (refusing to consider a party's untimely objection to a magistrate judge's discovery order); *Bolger Publ'ns, Inc. v. Graphic Commc'ns Intern. Union Local 229, AFL-CIO, CLC*, 601 F. Supp. 207, 208 (D. Minn. 1985) (finding that appeal filed four days after time period established in Rule 72 was untimely); *see also* Charles Alan Wright & Arthur R. Miller, 12 Federal Practice and Procedure: Civil § 3069 (2d ed. 2011) ("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge.").

Further, a party that does not file a timely objection to a magistrate judge's order with the district court waives the right to appeal that order to the Court of Appeals. *United Steelworkers of Am. v. New Jersey Zinc Co.*, 828 F.2d 1001, 1076 (3d Cir. 1987) ("Steelworkers was thus under ample notice by the applicable rules that it was required to file objections within [fourteen] days of the magistrate's order striking its jury demand, and by our opinion in *Siers* that failure to file such objections waived appellate review." (citing *Siers v. Morrash*, 700 F.2d 113, 114–15 (3d Cir. 1983))).

### III.  ANALYSIS

Plaintiff's appeal of the Magistrate Judge's May 9, 2011 Order was filed forty-four days after the Order was issued. Rule 72(a) requires that an appeal be filed within fourteen days of the Magistrate Judge's order. Thus, Plaintiff's appeal is thirty days late. Plaintiff does not

3

acknowledge that her appeal is untimely, nor offer any excuse for its untimeliness.[1] Because the appeal is untimely, the Court will deny it. Fed. R. Civ. P. 72(a); *Altman,* 2012 WL 845294, at *1; *Polansky,* 2011 WL 6754052, at *1; *JP Morgan Chase Bank,* 2007 WL 1875928, at *4.

### IV. <u>CONCLUSION</u>

Plaintiff's appeal of the Magistrate Judge's May 9, 2011 Order is untimely. Accordingly, the Court denies the appeal. For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's "Notice of Objection to Appeal of Magistrate's Order Dated May 9, 2011" is **DENIED**.

**SO ORDERED**.

Date: May 22, 2012                             _____/s/_____
                                               WILMA A. LEWIS
                                               District Judge

---

[1] Although Fed. R. Civ. P. 6(b)(1)(B) allows a party to seek an extension of time to file an appeal of the magistrate judge's order after the time for filing has elapsed based on a showing of "excusable neglect," Plaintiff has not moved for an extension of time, nor claimed that its untimely appeal was the result of excusable neglect.