## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

—————————————————————— )
                                                   )
**CARMEN MCALPIN CLARKE,**                         )
                                                   )
           **Plaintiff,**                          )
                                                   )
           **v.**                                  )        **Civil Action No. 2008–086**
                                                   )
**MARRIOTT INTERNATIONAL, INC.,**                  )
**ROYAL ST. KITTS BEACH RESORT, LTD.,**            )
**LUXURY HOTELS INTERNATIONAL**                    )
**MANAGEMENT ST. KITTS, LTD. f/k/a**               )
**MARRIOTT ST KITTS MANAGEMENT**                   )
**COMPANY, INC.,**                                 )
                                                   )
           **Defendants.**                         )
—————————————————————— )

**Attorneys:**
**Lee Rohn, Esq.,**
**Mary Faith Carpenter, Esq.,**
St. Croix, USVI
           *For the Plaintiff*

**Andrew Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, USVI
           *For Defendant Marriott International, Inc.*

**Bruce Darwin Spector, Esq.,**
**Michael J. Sanford, Esq.,**
St. Croix, USVI
           *For Defendants Luxury Hotels International Management St. Kitts, Ltd., and*
           *Royal St. Kitts Beach Resort, Ltd.*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

           THIS MATTER comes before the Court on the "Motion and Incorporated Memorandum

of Law for Summary Judgment for Lack of Jurisdiction and Forum Non Conveniens" (Dkt. No.

237), which was filed by Defendants Royal St. Kitts Beach Resort, Ltd. and Luxury Hotels International Management St. Kitts, Ltd.; Plaintiff's Opposition thereto (Dkt. No. 264); and Defendants' Reply (Dkt. No. 295).   For the reasons discussed below, the Court will deny Defendants' Motion.

## I.   BACKGROUND

Plaintiff Carmen McAlpin Clarke ("McAlpin Clarke") brought this action against Defendants Marriott International, Inc. ("Marriott"), Royal St. Kitts Beach Resort, Ltd. ("Royal"), and Luxury Hotels International Management St. Kitts, Ltd. ("Luxury").   (*See* First Amended Complaint, Dkt. No. 63 ¶¶ 2–5).   Plaintiff alleges that as a result of Defendants' negligence, she slipped and fell in the bathtub of her hotel room on June 26, 2008, while she was a guest at the St. Kitts Marriott Resort & Royal Beach Casino (the "Hotel") on the Caribbean island of St. Kitts.   (*Id.* ¶ 13).   Arguing that the bathtub should have had a non-skid mat, Plaintiff further alleges that "Defendants failed to properly inspect, maintain, supervise, and control" the Hotel or its employees.   (*Id.* ¶ 16).   She seeks damages for "physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering and loss of enjoyment of life."   (*Id.* ¶ 17).

Plaintiff filed her original Complaint on September 23, 2008 (Compl., Dkt. No. 1) and her First Amended Complaint on October 26, 2009 (Dkt. No. 63).[1]   Responding to the First Amended Complaint, Defendant Marriott filed its Answer on October 27, 2009 (Dkt. No. 64);

---

[1] The original Complaint named only Marriott International, Inc. as a Defendant.   (Compl., Dkt. No. 1 at 1).   On September 22, 2009, Plaintiff filed a Motion to amend her Complaint by adding two additional Defendants (Dkt. No. 46 at 1), and her Motion was granted on October 16, 2009. (Dkt. No. 62).   Plaintiff filed her First Amended Complaint on October 26, 2009, naming three Defendants:  Marriott, Royal, and Luxury.   (*See* Dkt. No. 63 ¶¶ 2–5).

Defendant Royal filed its Answer on May 27, 2010 (Dkt. No. 95); and Defendant Luxury filed its Answer on June 14, 2010 (Dkt. No. 102).  Factual and expert discovery followed, extending to March 29, 2012. (*See* Dkt. Nos. 230, 233).

On April 6, 2012, the deadline for dispositive motions, Defendants Royal and Luxury filed the instant "Motion and Incorporated Memorandum of Law for Summary Judgment for Lack of Jurisdiction and Forum Non Conveniens." (Dkt. No. 237).[2]  In their Motion, Defendants Royal and Luxury argue that the Court lacks personal jurisdiction over them, and that the matter should be dismissed pursuant to the doctrine of *forum non conveniens*.  (*Id.* at 1–2).

In her Opposition, Plaintiff asserts that it is "undisputed" that general and specific personal jurisdiction exist over Defendant Marriott, and thus jurisdiction should also exist over both Luxury and Royal because all three Defendants are alter egos who jointly operate the Hotel and whose operations are integrated for a common purpose.  (Dkt. No. 264 at 1–2).  Plaintiff also argues that the Motion should be denied because Defendants "waived their personal jurisdiction and venue defenses by failing to file a timely motion and through their litigation conduct."  (*Id.*).

Further, according to Plaintiff, dismissing Royal and Luxury under the doctrine of *forum non conveniens* would result in "two nearly identical trials 'in the interest of convenience,'" despite the fact that "this litigation is ready for trial and the Final Joint Pretrial Order has been signed and filed by the parties."  (*Id.* at 2).  Plaintiff notes that the parties have taken fourteen depositions in this proceeding, and that Defendants filed the instant Motion for Summary

---

[2] On the same date, Marriott, Royal, and Luxury filed "Defendants' Second Motion for Summary Judgment" (Dkt. No. 234) and a corresponding Memorandum of Law in support thereof (Dkt. No. 235), arguing that there is no genuine issue of material fact because Plaintiff has not offered any evidence from which a reasonable jury could find that Defendants breached any duty of care to Plaintiff.  (*Id.* at 1–2, 4).  That Motion is pending and will be addressed in a separate Memorandum Opinion.

Judgment "two years and seven months after answering and after litigating the matter without filing any motion to dismiss." (*Id.* at 4–5).

In evaluating Defendants' Motion, the Court will determine the issue of personal jurisdiction before turning—if appropriate—to examine the issue of *forum non conveniens*.

## II.   PERSONAL JURISDICTION

### A.   Applicable Legal Principles

A party may assert the defense of lack of personal jurisdiction by motion, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(2).[3] Once a defendant raises such a defense, the plaintiff bears the burden of showing that personal jurisdiction is proper. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).

The Court applies Virgin Islands law to determine whether it can exercise personal jurisdiction over Defendants. *See O'Connor*, 496 F.3d at 316 ("Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits."); *see also Marten*, 499 F.3d at 296; *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987) ("A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). To show that there is personal jurisdiction by a Virgin

---

[3] The Court notes that "[d]ismissing a claim for lack of personal jurisdiction is more appropriately done by way of Rule 12(b)(2) of the Federal Rules of Civil Procedure, rather than Rule 56." *Marten v. Godwin*, 499 F.3d 290, 295 n.2 (3d Cir. 2007); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2713 (3d ed. 2013) ("In general, courts have ruled that summary judgment is an inappropriate vehicle for raising a question concerning the court's . . . personal jurisdiction. . . .   [T]he label attached to the motion should not prevent the court from deciding a summary-judgment motion challenging the court's subject-matter jurisdiction as a suggestion that the court dismiss the action on that ground.").

Islands court over a nonresident defendant, a plaintiff must establish two separate prongs: (1) that there is a statutory basis for jurisdiction under the Virgin Islands long-arm statute, V.I. Code Ann. tit. 5, § 4903; and (2) that the defendant has minimum contacts with the Virgin Islands that are sufficient to satisfy constitutional due process requirements. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009); *In re Najawicz*, 52 V.I. 311, 336–37, 2009 WL 3088327, at *38 (2009).

Courts evaluate jurisdictional challenges prior to considering the merits of a controversy. *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)) ("Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'"); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)) ("'[P]reliminary matters such as . . . personal jurisdiction . . . should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.'").

A defendant can waive its objection to personal jurisdiction by engaging in litigation on the merits without first securing a court's determination on its jurisdictional challenge. *See Insurance Corp. of Ireland, Ltd., et al. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Bel-Ray*, 181 F.3d at 443–44 (holding that defendants waived their personal jurisdiction defense, though previously raised in their answer,

by filing a motion for summary judgment that sought "affirmative relief" on their counterclaim); *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (finding that the counterclaim defendants "effectively waived the defense of lack of personal jurisdiction" by "acquiescing in personal jurisdiction" when they actively litigated the action and moved for summary judgment on other grounds); *Wyrough*, 376 F.2d at 547 (finding waiver when the defendant participated in the adjudication of the plaintiff's application for a preliminary injunction, without first securing a determination of his challenge to the court's personal jurisdiction over him).

**B.     Analysis**

The Court first considers Plaintiff's argument that Defendants have waived their objection to the Court's exercise of personal jurisdiction over them.  In their Answers, filed in May and June 2010, respectively, Royal and Luxury each raised lack of personal jurisdiction as an affirmative defense.  (Dkt. No. 95 at 4; Dkt. No. 102 at 4).  However, neither Royal nor Luxury moved to dismiss the case for lack of personal jurisdiction until the filing of the instant Motion on April 6, 2012—the deadline for filing dispositive motions.[4]  Instead, they engaged in—and completed—extensive discovery (including by participating in depositions of approximately fourteen potential witnesses, completing fact and expert discovery, and filing multiple responses to Plaintiff's document requests and interrogatories); litigated the matter for over twenty-one months between the filing of their Answers and the instant Motion; and participated in mediation.  Further, on the same date that they filed the instant Motion, Royal and

---

[4] (*See* Dkt. No. 233 at 1–2) (granting the parties' motion to extend the dispositive motion deadline to April 6, 2012 from the March 15, 2012 deadline established in the Court's Final Scheduling Order (Dkt. No. 193)).

Luxury—together with Marriott—also filed their Motion for Summary Judgment on the merits. (Dkt. Nos. 234, 235).

Objections to personal jurisdiction may be waived by a party's litigation conduct in one of two ways:  (1) failure to assert the defense in the party's answer (or in a similar responsive pleading), or in a pre-answer motion to dismiss; or (2) by consenting to a court's jurisdiction by litigating the merits or engaging in extensive litigation in the forum.  *See Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, Civ. No. 2010–139, 2013 WL 1155351 at *2 (D.V.I. Mar. 21, 2013); *see also* Fed. R. Civ. P. 12(b)(2), (h)(1), (g)(2); *Konigsberg v. Shute*, 435 F.2d 551, 552 (3d Cir. 1970) (per curiam).  Here, Defendants asserted the defense in their respective Answers; thus, only the latter category of waiver—consent to the Court's jurisdiction—is relevant to the instant Motion.

The Third Circuit has stated that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Tex. E. Transmission Corp.*, 15 F.3d at 1236.[5] A defendant's actions "may amount to a legal submission to the jurisdiction of the court," even if such waiver is not intentional.  *See Bel-Ray*, 181 F.3d 435 at 443.[6]

---

[5] Similarly, the Fifth Circuit has recognized the existence of "the well-established rule that parties who choose to litigate actively on the merits thereby surrender any [personal] jurisdiction[] objections." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 459 (5th Cir. 2001).

[6] The Seventh Circuit has explained that "'to waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

Courts have found personal jurisdiction defenses waived when defendants both (1) allowed a significant delay in seeking a determination on the issue, and also (2) filed other motions and participated in discovery.  *See, e.g.*, *Whitecap*, 2013 WL 1155351 at *4.  In *Whitecap*, for example, the court found that a defendant had waived its objection to personal jurisdiction through its litigation conduct—namely, by "cho[osing] to wait more than a year to seek such a determination, all the while actively participating in the ongoing litigation."  *Id.*  The court noted that during the year-long interim, the defendant "participated in extensive discovery, propounding several discovery requests and making various disclosures of its own."  *Id.*

In *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293 (7th Cir. 1993), the Seventh Court held that the defendants' personal jurisdiction defense was waived when they had "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction."  *Id.* at 1297.  The defendants in *Continental Bank* had "participated in lengthy discovery, filed various motions and opposed a number of motions."  *See id.*  Accordingly, the Seventh Circuit held that the "district court could properly conclude that the defendants' delay in urging this threshold issue manifest[ed] an intent to submit to the court's jurisdiction."  *Id.*

Here, the circumstances relevant to the instant Motion are similar to the situations in *Whitecap* and *Continental Bank*.  Defendants Royal and Luxury have pointed the Court to no evidence that they continued to note their personal jurisdiction objections during the twenty-one-month period between the filing of their Answers and the instant Motion.  Like the defendants in *Whitecap* and *Continental Bank*, who participated in "extensive" and "lengthy" discovery, respectively, Defendants Royal and Luxury have completed significant discovery, including by exchanging interrogatories and responses thereto; responding to requests for the production of documents; engaging in depositions of both fact and expert witnesses; and filing and responding

8

to various discovery-related motions. *Cf. Continental Bank*, 10 F.3d at 1297; *Whitecap*, 2013 WL 1155351 at *4.[7] All discovery in this case is already concluded: factual discovery was ordered to be completed by September 30, 2011, and the expert deposition deadline was extended to March 29, 2012. (*See* Dkt. Nos. 193, 230). Therefore, Defendants actively litigated the case before this Court during the twenty-one-month period between the filing of their respective Answers and the instant Motion. *See Continental Bank*, 10 F.3d at 1297; *Whitecap*, 2013 WL 1155351 at *4–*5.[8]

For the foregoing reasons, the Court finds that the litigation activities of Defendants Royal and Luxury have "demonstrate[d] a willingness to engage in extensive litigation in the

---

[7] Defendants Royal and Luxury have filed numerous responses and supplements to interrogatories and document requests (Dkt. Nos. 117, 118, 128–131, 151, 154, 162, 163, 204, 210, 326); served Plaintiff with interrogatories and requests for production of documents (Dkt. Nos. 135, 136); served a subpoena on a potential witness (Dkt. Nos. 161, 170); executed a stipulated confidentiality agreement with Plaintiff (Dkt. No. 125); participated in the depositions of approximately fourteen potential witnesses (Dkt. Nos. 295, 296); produced expert reports (Dkt. Nos. 219, 226, 227); and participated in mediation (Dkt. No. 220). Royal and Luxury have also filed various motions and oppositions to Plaintiff's motions, including: a Motion to compel Dr. Gary Jett to comply with a subpoena and an Opposition to Plaintiff's Motion to quash a subpoena (Dkt. No. 176); a Motion to file a supplemental Opposition to Plaintiff's motion to quash a subpoena (Dkt. No. 180); a Motion to extend discovery deadlines (Dkt. No. 189); an Opposition to Plaintiff's Motion for sanctions for failing to identify certain documents by Bates stamp numbers (Dkt. No. 203); a Motion to file excess pages (Dkt. No. 236); and an Opposition to Plaintiff's Motion for extension of time (Dkt. Nos. 246, 248).

[8] As noted earlier, Defendants also filed a Motion for Summary Judgment on the merits on the same day that they filed the instant Motion. (*See* Dkt. Nos. 234, 235). Then, leading up to and in preparation for trial, Defendants subsequently filed a Motion *in Limine* to exclude the expert opinions of Dr. Gary Jett and Robert G. Galt (Dkt Nos. 238, 239); a Motion *in Limine* to exclude the opinion testimony of Dr. Arakere Prasad and Dr. Lynn Campbell (Dkt. Nos. 261, 272); a Reply to Plaintiff's Opposition to Defendants' Motions to Strike (Dkt. Nos. 289, 291); a Motion to obtain copies of juror questionnaires to prepare for jury selection (Dkt. No. 311); an Opposition to Plaintiff's Motion for leave to file excess pages (Dkt. No. 332); a Motion to Strike certain statements by Plaintiff (Dkt. No. 341); and an Opposition to Plaintiff's Motion to Strike (Dkt. No. 342).

forum." *See In re Tex. E. Transmission Corp.*, 15 F.3d at 1236; *see also Whitecap*, 2013 WL 1155351 at *2. Accordingly, the Court concludes that Defendants' actions "amount to a legal submission to the jurisdiction of the [C]ourt." *See Bel-Ray*, 181 F.3d at 443. Because Defendants' litigation conduct amounts to a waiver of their objections to personal jurisdiction, the Court will deny Defendants' motion to dismiss on grounds of lack of personal jurisdiction. *See PaineWebber*, 260 F.3d at 459; *Bel-Ray*, 181 F.3d at 443–44; *In re Tex. E. Transmission Corp.*, 15 F.3d at 1236; *Continental Bank*, 10 F.3d at 1297; *Wyrough*, 376 F.2d at 547; *Whitecap*, 2013 WL 1155351 at *4.

Having determined that Defendants waived their personal jurisdiction objections, the Court need not reach the merits of their personal jurisdiction argument, and now turns to Defendants' argument that the matter should be dismissed pursuant to the doctrine of *forum non conveniens*. (*See* Dkt. No. 237 at 1–2).

### III. FORUM NON CONVENIENS

### A.    Applicable Legal Principles

According to the doctrine of *forum non conveniens*, a district court has the discretion to dismiss a case when: "(1) an alternative forum has jurisdiction to hear the case; and (2) when trial in the plaintiff's chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience, or when the chosen forum is inappropriate due to the court's own administrative and legal problems." *Eurofins Pharma*, 623 F.3d at 160. When jurisdiction exists, a plaintiff's choice of forum "is normally due considerable deference" and "'should rarely be disturbed.'" *See Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608–09 (3d Cir. 1991) (quoting *Piper*, 454 U.S. at 241, 255–56). "'[D]ismissal for forum non conveniens is the exception rather than the rule,'" *id.* at 609 (quoting *Lacey v. Cessna Aircraft*

*Co.*, 862 F.2d 38, 43–44 (3d Cir. 1988) (*Lacey I*)), and "the defendant bears the burden of persuasion on all elements of the *forum non conveniens* analysis." *Id.* Courts often decide the issue of *forum non conveniens* based only on affidavits submitted by the parties; "extensive investigation" is unnecessary and would "defeat the purpose" of such a motion. *See Piper Aircraft*, 454 U.S. at 258; *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3828 (3d ed. 2013).

Deciding whether dismissal for *forum non conveniens* is appropriate involves a three-step inquiry: (1) determine whether there is an adequate alternative forum; (2) determine the appropriate level of deference to give the plaintiff's choice of forum; and (3) balance the relevant public and private interest factors. *Eurofins Pharma*, 623 F.3d at 160. In conducting this analysis, courts assess a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)) (quotation marks omitted).

The first step in the *forum non conveniens* inquiry is to determine whether there is an "adequate alternate forum." *Id.* "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 254 n.22 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947)). A forum may be deemed an inadequate alternative under those "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory." *Id.* For example, a forum is inadequate "where the alternative forum does not permit litigation of the subject matter of the dispute," *id.*, or "[w]here a plaintiff cannot access evidence essential to prove a claim." *See Eurofins Pharma*, 623 F.3d at

161 n.14.  If the proposed alternative forum is inadequate, it would be improper to dismiss the case for *forum non conveniens*.  *See Piper Aircraft*, 454 U.S. at 254 n.22.

If an adequate alternative forum exists, the court must then determine the appropriate amount of deference to give the plaintiff's choice of forum.  *Id.*  "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum."  *Sinochem*, 549 U.S. at 430.  When a plaintiff chooses her "home forum"—where she is a resident or citizen—her choice of forum is entitled to greater deference, because "it is reasonable to assume that this choice is convenient."  *Piper Aircraft*, 454 U.S. at 256.  The "strong presumption of convenience" that "exists in favor of a domestic plaintiff's chosen forum . . . may be overcome only when the balance of the public and private factors clearly favors an alternate forum."  *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 295 (3d Cir. 2010).  However, while citizens "deserve somewhat more deference than foreign plaintiffs, . . . dismissal should not be automatically barred when a plaintiff has filed suit in his home forum."  *Piper Aircraft*, 454 U.S. at 255 n.23.  "As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper."  *Id.*

The court next balances "the relevant public and private interest factors."  *Eurofins Pharma*, 623 F.3d at 160.  "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds."  *Id.* (quotation marks omitted) (quoting *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008)).  The public and private interest factors that the court must consider were enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, and

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6. *See Piper Aircraft*, 454 U.S. at 241 & n.6;

*Eurofins Pharma*, 623 F.3d at 161–62; *Delta Air Lines*, 619 F.3d at 296. The court must

consider private interest factors that affect the convenience of the litigants, including the

following *Gilbert* factors:

> the relative ease of access to sources of proof; availability of compulsory process
> for attendance of unwilling, and the cost of obtaining attendance of willing,
> witnesses; possibility of view of premises, if view would be appropriate to the
> action; and all other practical problems that make trial of a case easy, expeditious
> and inexpensive.

*Eurofins Pharma*, 623 F.3d at 161 (quoting *Gilbert*, 330 U.S. at 508); *see also Piper Aircraft*,

454 U.S. at 241 & n.6; *Delta Air Lines*, 619 F.3d at 296. The public interest factors include:

> the administrative difficulties flowing from court congestion; the "local interest in
> having localized controversies decided at home"; the interest in having the trial of
> a diversity case in a forum that is at home with the law that must govern the
> action; the avoidance of unnecessary problems in conflict of laws, or in the
> application of foreign law; and the unfairness of burdening citizens in an
> unrelated forum with jury duty.

*Eurofins Pharma*, 623 F.3d at 161–62 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6 (quoting

*Gilbert*, 330 U.S. at 509)); *Delta Air Lines*, 619 F.3d at 296. These lists of *Gilbert* factors are not

exhaustive, and some factors may not be relevant in a given case. *See Delta Air Lines*, 619 F.3d

at 295 (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 520 (1988)). "The defendant bears the

burden of persuasion at each stage in the analysis, and a district court abuses its discretion if it

fails to hold the defendant to its burden." *Id.*

A defendant must bring a motion to dismiss on grounds of *forum non conveniens* "within

a reasonable time" after the facts underlying the motion became known, or reasonably knowable,

to the defendant. *See Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 177 (3d Cir. 1991) (*Lacey II*)

(quoting *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165

13

(5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989)).  This timeliness requirement exists "to prevent eleventh-hour *forum non conveniens* motions." *Lacey II*, 932 F.2d at 177.  In its *In re Air Crash* opinion, the Fifth Circuit stated that "[w]hile untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve."  *In re Air Crash*, 821 F.2d at 1165 (quoted in *Lacey II*, 932 F.2d at 177).

**B.     Analysis**

Arguing for dismissal according to the doctrine of *forum non conveniens*, Defendants propose St. Kitts as an alternative forum, reasoning that "[a]ll the operative conduct took place in St. Kitts, where virtually all of the operative facts, witnesses and evidence sit[]."  (Dkt. No. 237 at 2).  Defendants further argue that "the U.S. Virgin Islands has very little interest in the outcome of this litigation."  (*Id.* at 12).  According to Defendants, "this litigation brings out issues regarding only St. Kitts entities and their operation of a St. Kitts hotel. Neither the laws, nor the policies of the U.S. Virgin Islands are implicated." (*Id.*).

Plaintiff responds by arguing that St. Kitts is an inadequate forum because:  (1) there is no right to trial by jury; (2) attorneys are not permitted to work on a contingent fee basis; and (3) personal injury trials consist of written witness statements supplemented by oral testimony.  (*See* Dkt. No. 264 at 24).  Plaintiff further notes that "[t]he parties have litigated this case for several years in this Court, including conducting discovery, hiring experts and producing reports, exchanging documents, marking exhibits, engaging in numerous rounds of motion practice, and preparing and filing the Final Joint Pretrial Order."  (*See id.* at 25).  Therefore, Plaintiff argues, "[t]his case is ready for trial, here, now, and Defendants' 11th hour 'convenience' motion—if not

an outright waiver—weighs heavily against granting the motion." (*Id.*).  Plaintiff notes that

lawyers for all parties are from the Virgin Islands, and she argues that if the case is litigated in

St. Kitts, Plaintiff will not be able to afford to pay new lawyers.  (*Id.* at 27).

Additionally, Plaintiff notes that the only eyewitnesses (she and her husband), her

medical expert, her physical therapist, and her treating physicians all reside in the Virgin Islands.

(*Id.* at 25).  Several of the parties' experts, as well as representatives of Defendants, reside in

places such as Florida, Maryland, Canada, and Missouri.  (*Id.* at 25–26).  As a result, "no matter

where the trial is held, some of the parties and witnesses are going to have to travel, and

Defendants failed to show that St. Kitts is 'clearly' more convenient for the parties and

witnesses."  (*Id.* at 26).[9]  Plaintiff points out that Marriott International is a United States

company; that no material difference has been shown between the substantive tort law of the

Virgin Islands and that of St. Kitts; and that this is a case about injuries to and damages for a

resident of the Virgin Islands.  (*Id.* at 28–29).  For these and other reasons, Plaintiff argues that

Defendants have failed to carry their burden of showing that the case should be dismissed on

grounds of *forum non conveniens*.  (*See id.* at 29).

Applying the doctrine of *forum non conveniens*, the Court will dismiss the case only if:

(1) St. Kitts has jurisdiction to hear the case; and (2) trial in the Virgin Islands would oppress and

---

[9] On the issue of the relative convenience of each forum, Plaintiff further argues that:

> Defendants in this case are wealthy hotel owners and operators who travel for a
> living and can stay at a Marriott here in the Virgin Islands.  Marriott routinely
> sends its managers to training seminars off St. Kitts to places like Aruba (Parker
> Dep. 18-21, Ex. 6), so it can certainly afford to defend this case in the Virgin
> Islands. In contrast, McAlpin-Clarke is a wage earner who does not have the same
> resources that Defendants do and she can't afford to pay all her doctors and fact
> witnesses to fly to St. Kitts for a trial even if she could get a trial.

(*Id.* at 26).

vex Defendants "out of all proportion" to Plaintiff's convenience, or if trial in the Virgin Islands is inappropriate due to the Court's own administrative and legal problems.  *See Sinochem Int'l*, 549 U.S. at 429; *Eurofins Pharma*, 623 F.3d at 160.

As a preliminary matter, the Court finds that Defendants have not established that they brought their Motion for *forum non conveniens* "within a reasonable time" after they learned the facts underlying the Motion.  *See Lacey II*, 932 F.2d at 177.  Here, discovery has not only "proceeded substantially," but had been *completed entirely* by the date Defendants filed their Motion.  *See id.*  In fact, the deadline for the completion of factual discovery was six months *before* Defendants filed their Motion for *forum non conveniens*. (*See* Dkt. No. 193).  The facts forming the core of Defendants' *forum non conveniens* argument—that the conduct and incident giving rise to the litigation took place entirely on St. Kitts, "where virtually all of the operative facts, witnesses and evidence sit[]," (*see* Dkt. No. 237 at 2)—were either known or "reasonably knowable" to Defendants by the time Plaintiff filed her First Amended Complaint (Dkt. No. 63) on October 26, 2009.  *See Lacey II*, 932 F.2d at 177.  Yet Defendants did not file a motion for *forum non conveniens* until April 6, 2012—more than two years and five months later.  (*See* Dkt. No. 237).

During that 29-month period, Defendants engaged in extensive discovery and litigation of this matter.[10]  In accordance with the Court's Scheduling Order, the parties also subsequently filed many of the documents required to proceed to trial.[11]  The Court thus finds that, "the parties already have invested much of the time and resources they will expend before trial," greatly increasing the presumption against dismissal for *forum non conveniens*.  *See Lony*, 935 F.2d at

---

[10] *See supra* note 7.

[11] *See supra* note 8.

614.  Waiting to raise the issue of *forum non conveniens* until less than two months before the then-scheduled trial of June 4, 2012 constitutes the sort of "eleventh-hour" motion that the timeliness requirement is meant to preclude.  *See Lacey II*, 932 F.2d at 177.  Accordingly, the Court finds that Defendants' Motion for *forum non conveniens* is untimely.  *See Lacey II*, 932 F.2d at 177.[12]

Keeping in mind the untimeliness of Defendants' Motion, the Court will apply the three-step analysis for evaluating a motion for *forum non conveniens*:  (1) determine whether St. Kitts is an adequate alternative forum; (2) determine the appropriate level of deference to give to Plaintiff's choice of forum; and (3) balance the relevant public and private interest factors.  *See Eurofins Pharma*, 623 F.3d at 160.

With respect to the first step, Defendants have proposed St. Kitts as the alternative forum.  (*See* Dkt. No. 237 at 2).  Based on the affidavits and arguments submitted by the parties, the Court finds that this situation does not present one of those "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory."  *Id.*  For example, the evidence before the Court fails to establish that St. Kitts "does not permit litigation of the subject matter of the dispute," *id.*, or that Plaintiff "cannot access evidence essential to prove [her] claim" in St. Kitts.  *See Eurofins Pharma*, 623 F.3d at 161 n.14.  To the contrary, Defendants submitted the affidavit of St. Kitts Attorney John Emile Ferdinand which demonstrates that St. Kitts is an

---

[12] *See also Creamer v. Creamer*, 482 A.2d 346, 353 (D.C. 1984) ("[A] a court will not be prompted to exercise its discretion in favor of a defendant who raises the [*forum non conveniens*] objection for the first time after the defendant has answered, taken depositions, proceeded to pretrial and caused the plaintiff to incur expense in preparing for trial.") (quotation marks and citation omitted); 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3828 (3d ed. 2013) ("[I]f the litigation has progressed significantly in the federal court a defendant's belated assertion that the forum is not a convenient one is likely to be viewed dimly by the district judge.").

adequate alternative forum.  (*See* Dkt. No. 237-7).  Attorney Ferdinand's affidavit states, *inter alia*, that a common law system based on the British common law would be applicable to the case at bar, and that although cases are not taken on a contingency-fee basis in St. Kitts, lawyers commonly represent plaintiffs without up-front fees, and the courts routinely grant costs to prevailing parties.  (*Id.* ¶ 8(i)).  Further, Defendants Royal and Luxury are incorporated in St. Kitts.  (*See* Dkt. No. 63 at 2; Dkt. No. 237 at 3).  Thus, the Court finds that Defendants are "amenable to process" in St. Kitts.  *See Piper Aircraft*, 454 U.S. at 254 n.22 (noting that the requirement of an adequate alternative forum is ordinarily satisfied when a defendant is "amenable to process" in the proposed forum) (quoting *Gilbert*, 330 U.S. at 506–07).  For these reasons, the Court finds that Defendants have met their burden of showing that St. Kitts provides an adequate alternative forum.  *See Eurofins Pharma*, 623 F.3d at 161.

The second step of the analysis requires the Court to determine the appropriate level of deference to give to Plaintiff's choice of forum.  *See id.* at 160.  A plaintiff's choice of forum "is normally due considerable deference" and "'should rarely be disturbed.'"  *See Lony*, 935 F.2d at 608–09 (quoting *Piper*, 454 U.S. at 241, 255–56).  "'Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum.'"  Delta Air Lines, 619 F.3d at 295 (quoting *Windt*, 529 F.3d at 190); *see also Sevison v. Cruise Ship Yours, Inc.*, No. 1996–57, 1997 WL 530267 at *2 (D.V.I. Aug. 15, 1997) ("[W]hen the plaintiff is an American citizen and the alternative forum is foreign, the burden upon the defendant to show that the plaintiff's choice is inconvenient is even stronger.").  Here, Plaintiff is a citizen of St. Croix, U.S. Virgin Islands.  (*See* Dkt. No. 63 at 1).  Because Plaintiff has chosen her "home forum," her choice is entitled to greater deference, because "it is reasonable to assume that this choice is convenient." *Piper Aircraft*, 454 U.S. at 256.

Finally, in applying the third step of the analysis, the Court must balance the relevant private and public interest factors. *See Eurofins Pharma*, 623 F.3d at 160. Considering the private interest factors, the Court finds that the location of the witnesses does not weigh in favor of St. Kitts, because Plaintiff, her husband, and several other witnesses reside in the Virgin Islands, while several other witnesses and representatives reside elsewhere in the United States and Canada. *See id.* at 161. The Court also agrees with Plaintiff that the location of any physical evidence and other sources of proof, including the bathtub in question, does not counsel in favor of dismissal. *See id.* A view of the premises would not necessarily be critical or appropriate to this action, as the current condition of the bathtub is far less relevant than the condition of the bathtub at the time of Plaintiff's alleged injury. *See id.*

At this advanced stage in the proceedings, dismissing this case in favor of a trial to be commenced in St. Kitts would likely result in far greater inconvenience to both parties than requiring several of the parties' representatives and witnesses to fly to the Virgin Islands for trial. Due to the untimeliness of Defendants' Motion, and the extensive litigation of this matter before the Court, dismissal at this late stage would necessarily result in the waste of significant time and resources by the parties, causing substantial prejudice to Plaintiff. Therefore, upon consideration of the private interest factors implicated here, the Court finds that Defendants have not demonstrated that the private interest factors weigh in favor of dismissal. *See Delta Air Lines*, 619 F.3d at 295 ("The defendant bears the burden of persuasion at each stage in the analysis, and a district court abuses its discretion if it fails to hold the defendant to its burden.").

Turning to the public interest factors, the Court finds that administrative difficulties do not weigh in favor of dismissal, as the Court has already administered this case through extensive

19

discovery.  *See Eurofins Pharma*, 623 F.3d at 161–62.[13]  Agreeing with Plaintiff, the Court finds

that this case is not purely "localized" in St. Kitts, because Plaintiff is a citizen of the Virgin

Islands and Defendant Marriott is incorporated in the United States.  *See id.* at 162.  Further,

given that Defendants bear the burden of persuasion on all elements of the analysis, *see Lony* 935

F.2d at 609—and that Defendants have not shown that there is any material difference between

the substantive tort law of St. Kitts and that of the Virgin Islands—the Court finds that

Defendants have not demonstrated that problems associated with the application of foreign law

or conflict-of-law principles weigh in favor of dismissal.  *See Eurofins Pharma*, 623 F.3d at 162.

Finally, as Plaintiff is a Virgin Islands resident, the Court does not consider the Virgin Islands to

be an "unrelated forum" in this case; therefore, it is not unfair for a jury to be "burdened" with

the case.  *See id.*; Dkt. No. 63 at 1.  For these reasons, the Court finds that Defendants have not

met their burden of showing that the public interest factors weigh in favor of dismissal.  *See*

*Delta Air Lines*, 619 F.3d at 295.  Applying the appropriate level of deference to Plaintiff's

choice of her home forum, and weighing both the public and private interest factors implicated in

this case, the Court concludes that these combined factors weigh in favor of retaining jurisdiction

in the Virgin Islands.  *See Lony*, 935 F.2d at 609.

It is also worthy of note that, as with the circumstances examined by the Third Circuit in

*Lony*, the "central concern" of the *forum non conveniens* doctrine is not present here.  *See id*.

"The Supreme Court has explained that the primary danger against which the doctrine guards is

the plaintiff's 'temptation to resort to a strategy of forcing the trial at a most inconvenient place

for an adversary, even at some inconvenience to himself,' so that he can '"vex," "harass," or

"oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right

---

[13] *See also supra* note 7.

to pursue his remedy.'" *Id.* (quoting *Gilbert*, 330 U.S. at 507, 508). Here, Plaintiff and her counsel—as well as several of her fact and expert witnesses—reside in the Virgin Islands. Therefore, there is nothing to suggest that Plaintiff chose a "most inconvenient" forum for Defendants merely to "vex, harass, or oppress" them, "even at some inconvenience to [Plaintiff]." *See id.*

In view of all the foregoing, Defendants have failed to meet their burden of demonstrating that the case should be dismissed on grounds of *forum non conveniens*. *See Sinochem Int'l*, 549 U.S. at 429; *Eurofins Pharma*, 623 F.3d at 160.

## IV. Conclusion

For the foregoing reasons, the Court finds that Defendants waived their objections to personal jurisdiction. Further, the Court finds that Defendants' Motion for dismissal on grounds of *forum non conveniens* is untimely, and considering the deference due to Plaintiff's choice of her home forum, Defendants have not met their burden of showing that the balance of the private and public interest factors weighs in favor of dismissal. Therefore, Defendants' "Motion and Incorporated Memorandum of Law for Summary Judgment for Lack of Jurisdiction and Forum Non Conveniens" (Dkt. No. 237) will be denied.

An appropriate Order accompanies this Memorandum Opinion.


Date:   September 4, 2013                              _____/s/_____
                                                       WILMA A. LEWIS
                                                       Chief Judge

21