**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **CARMEN MCALPIN CLARKE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MARRIOTT INTERNATIONAL, INC.,** )<br>**ROYAL ST. KITTS BEACH RESORT, LTD.,** )<br>**and LUXURY HOTELS INTERNATIONAL** )<br>**MANAGEMENT ST. KITTS, LTD.** )<br>**f/k/a MARRIOTT ST. KITTS MANAGEMENT** )<br>**COMPANY, INC.,** )<br>)<br>**Defendants.** )<br>) | **Civil Action No. 2008-086** |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Marriott International, Inc.*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Luxury Hotels International Management St. Kitts, Ltd.*
    *and Royal St. Kitts Beach Resort, Ltd.*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on a "Second Motion for Summary Judgment" filed by Defendants Marriott International, Inc., Royal St. Kitts Beach Resort, Ltd. and Luxury Hotels International Management St. Kitts, Ltd. (collectively, "Defendants"). (Dkt. No. 234). In

this personal injury action, Plaintiff Carmen McAlpin-Clarke ("Plaintiff") alleges that as a result of Defendants' negligence, she slipped and fell in the bathtub while showering at the Marriott St. Kitts Resort and Royal Beach Casino ("Resort"). She alleges that the Resort should have had a non-skid mat in place, and the bathtub was therefore in an unsafe condition; that Defendants had a duty to warn Plaintiff of the unsafe condition and failed to do so; and that Defendants were negligent in failing to "properly inspect, maintain, supervise, and control" the Resort generally and the bathtub specifically. (Amend. Compl., Dkt. No. 63 at ¶¶ 8-16). Plaintiff seeks damages for injuries allegedly sustained as a result of her fall, medical expenses, loss of income and earning capacity, mental anguish, pain and suffering, and loss of enjoyment of life. (Dkt. No. 63 at ¶ 17). Defendants, in turn, argue that Plaintiff has established no basis to hold them liable under a negligence theory, and that because there are no genuine issues of material fact, they are entitled to judgment as a matter of law. (Dkt. No. 34). For the reasons that follow, the Court will grant Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, a resident of St. Croix, traveled to the Resort in June 2008 to celebrate her tenth wedding anniversary. (Plt.'s Joint Statement of Facts, Dkt. No. 265 at ¶¶ 1-2). On the morning of June 27, 2008, Plaintiff used the shower in her room. While showering, Plaintiff slipped and

---

[1] Defendants failed to comply with Local Rule 56.1 in that they did not file a statement of material facts as to which there is no genuine issue. *See* L.R.Ci. 56.1(a)(1). The purported justification for this deficiency—that their Motion is based on Plaintiff's failure to produce evidence of Defendants' negligence (Dkt. No. 235 at 1, n.2)—finds no support in either the letter or spirit of the Rule. This Court does not look favorably upon failures to comply with applicable rules of procedure, and counsel for Defendants are advised accordingly. The Court will, however, exercise its discretion to proceed with the resolution of this matter. Defendants have replied to Plaintiff's Joint Statement of Facts, and in so doing have highlighted the material facts as to which they claim there is no genuine issue. (Dkt. No. 293). *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules"); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994) (same); *M & T Mortgage Corp. v. White*, 736 F. Supp. 2d 538, 553 (E.D.N.Y. 2010) (court in its discretion may conduct review of, and rule based on, record where one party failed to file a statement of undisputed facts as required by local rules).

fell, hitting her face and back in the fall. Plaintiff claims that she slipped because the bathtub was "extremely slippery and did not have a rubber mat." (Dkt. No. 265 at ¶ 3).[2] Plaintiff's husband helped her from the shower and called Resort security. Resort staff member Livingston McCall visited Plaintiff in her room after the fall. (Dkt. No. 265 at ¶ 57). Plaintiff declined medical attention, and tended to her injuries with ice and pain medication. (Dkt. No. 265 at ¶ 4). Plaintiff and her husband continued their vacation, visiting neighboring Nevis and attending a music festival on St. Kitts. Plaintiff returned to St. Croix two days after the incident, on June 29, 2008. (Dkt. No. 265, Ex. 1 at 71-73). After returning to St. Croix, Plaintiff sought medical attention, and continues to receive care and physical therapy for ongoing pain she alleges stems from the fall. (Dkt. No. 265 at ¶¶ 5-21).

Plaintiff filed her original Complaint against Marriott on September 23, 2008. (Dkt. No. 1). She filed an Amended Complaint on October 26, 2009, adding Defendants Royal St. Kitts and Luxury Hotels International. (Dkt. No. 63). Defendants filed their respective answers, and extensive factual and expert discovery followed. (Dkt. Nos. 64, 95, 102, 230, 233). Defendant Marriott filed a Motion for Summary Judgment (Dkt. No. 36) which was denied by the Court (Dkt. No. 103) based on the existence of a dispute regarding Marriott's control over the other Defendants.[3] Defendants jointly filed two additional Motions for Summary Judgment—one for lack of jurisdiction and forum non conveniens (Dkt. No. 237), and the instant Motion on the merits of Plaintiff's negligence claim (Dkt. No. 235). The Court denied the former Motion by

---

[2] The shower in the room was above the bathtub, rather than in a separate stall. Thus, Plaintiff was standing in the bathtub while showering and the surface in question is that of the bathtub. (Dkt. No. 265 at ¶ 3). No mat was in the bathtub at the time Plaintiff fell. A mat was later provided to Plaintiff. (Def.'s Rep. to Plt.'s Joint Statement of Facts, Dkt. No. 293 at ¶ 3).

[3] Plaintiff and Defendants differ in their contentions as to the legal relationship between the three named Defendants and the Resort. (Dkt. Nos. 265, 293). The resolution of this issue is not necessary to the Court's ruling on the merits of Defendants' Motion.

Memorandum Opinion and Order issued on September 4, 2013. (Dkt. Nos. 348, 349). The Motion on the merits is now before the Court.

## II. APPLICABLE LAW

### A. Summary Judgment Standard

A party moving for summary judgment must show that there is "no genuine issue as to any material fact," such that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one which may alter the outcome of the case, not simply a tangential factual matter about which the parties disagree. *See Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Accordingly, "disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *N.A.A.C.P. v. N. Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (internal citation omitted).[4]

In adjudicating a summary judgment motion, this Court must view the facts "in the light most favorable to the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007). After the movant shows by motion that there is no genuine factual issue for trial, the nonmoving party bears the burden of identifying evidence that creates a genuine dispute regarding material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where—as here—the nonmoving party would bear the burden of persuasion at trial, the moving party may succeed on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden. *Foulk v. Donjon Marine Co., Inc.*, 144 F.3d 252, 258 n.5 (3d Cir. 1998) (quoting *Wetzel v. Tucker,* 139 F.3d 380, 383 n.2 (3d Cir.1998)). Ultimately, "where the record taken as a whole

---

[4] The great majority of Plaintiff's Joint Statement of Facts (19 of 28 pages) focuses on allegations regarding Defendants' management and control of the Resort, and Plaintiff's injuries and ongoing suffering. (Dkt. No. 265 at 4-23). Because the existence of a legal duty and the breach thereof—which, as discussed below, are absent here— are prerequisites to liability and compensation, the issues of agency, control, and injury are immaterial to the Court's resolution of the Motion for Summary Judgment.

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is appropriate. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted).

Speculation or inference based on conjecture does not create a material factual dispute sufficient to defeat summary judgment. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 (3d Cir. 1990) (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir.1985)). In other words, if the only basis for the jury's verdict is (or would be) speculation, then there is no material factual dispute. *See Stephens v. Sears Roebuck & Co.*, 212 F.2d 260, 261 (7th Cir. 1954) (if basis for a jury verdict for non-movant would be purely conjectural, "it is the law that . . . the court does not invade the province of the jury by taking a case from it and entering a judgment for the defendant."); *see also S. Camden Citizens in Action v. New Jersey Dep't of Environmental Prot.*, No. 01-702, 2006 WL 1097498, at *21 (D.N.J. Mar. 31, 2006); Restatement (Third) of Torts: Phys. & Emot. Harm § 28 (2010) (if a negligence finding would be based only on speculation, it becomes the duty of the court to intervene and "[remove] the matter from the province of the jury."). The Court's inquiry here, therefore, is whether there is evidence presenting a genuine factual—not merely hypothetical—disagreement regarding Defendants' alleged negligence which requires submission to a jury. If not, Defendants are entitled to judgment in their favor. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986).

The parties agree that there is no choice of law conflict presented in this case. (Dkt. No. 235 at 4; Dkt. No. 262 at 7). Where the laws of "two jurisdictions would produce the same result on the particular issue presented, there is a 'false conflict,' and the Court should avoid the choice-of-law question." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006) (internal citations omitted). Plaintiff and Defendants agree that no "material differences in the

substantive tort law" exist between the Virgin Islands and St. Kitts, and Plaintiff would be "required to show the same elements" to prevail in both jurisdictions. (Dkt. No. 262 at 7; Dkt. No. 235 at 4). Accordingly, no conflict of laws exists in this case and the Court need not engage in a choice of law analysis. *See Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997) (federal court applying local law should avoid analyzing conflict of laws issues where no actual conflict exists).

### B. Elements of Negligence

To prevail on a negligence claim, a plaintiff must prove a legal duty held by the defendant, a breach of that duty, a causal relationship between the breach of duty and plaintiff's injuries, and damages. *City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422 n.9 (3d Cir. 2002). A landowner is liable for physical injury suffered by invitees due to a dangerous condition on the land only if the landowner "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." *Canton v. Kmart Corp.*, 470 F. App'x 79, 83 (3d Cir. 2012) (citing Restatement (Second) of Torts § 343 (1965)).[5] A breach of the duty exists if a defendant had either actual or constructive notice of the dangerous condition and failed to act to protect invitees. *Canton,* 470 F. App'x at 83. Accordingly, absent a dangerous condition and notice thereof, there can be no breach of a duty upon which negligence can be found. *Id.*

An accident's occurrence is not, as a matter of law, a sufficient basis for presuming

---

[5] The Restatement (Third) of Torts maintains the same principle—a landowner owes a duty of reasonable care to invitees to investigate, discover, and attend to known or reasonably knowable dangerous conditions on the property. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 (2012).

negligence. *Dorney v. Mammi*, 350 F. App'x 649, 651 (3d Cir. 2009) (internal citations omitted); *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 74 (3d Cir. 1996) ("It is axiomatic that the mere showing of an accident causing injuries is not sufficient from which to infer negligence."). To establish that Defendants breached their duty of reasonable care, Plaintiff must offer evidence that Defendants had actual or constructive notice of a dangerous condition, that the dangerous condition created an unreasonable risk of harm, and that Defendants failed to protect against that harm. *Perez v. Ritz-Carlton (Virgin Islands), Inc.,* No. 2011-50, 2013 WL 4442434, at *3 (V.I. Aug 14, 2013). Thus, the fact that Plaintiff had an accident and suffered harm does not prove Defendants breached a duty. Further, on the issue of causation, there must be evidence "which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury." *Fedorczyk* 82 F.3d at 74 (citing W. Prosser & W. Keeton, *The Law of Torts* § 41 (5th ed. 1984)). In sum, there must be either direct evidence or evidence from which it can be reasonably inferred that Defendants had a duty that was breached and the breach caused the injury suffered. Absent such evidence, there is no dispute appropriate for factual determination by a jury.

### III. DISCUSSION

#### A. Undisputed Material Facts

In reviewing the record and papers on summary judgment, a court construes the facts in the light most favorable to the nonmoving party, but may also conduct an assiduous review of the record to determine the undisputed facts. *Scott*, 550 U.S. at 380; *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000); Fed. R. Civ. P. 56(c)(3). Here, the Court looks to Plaintiff's Joint Statement of Facts and Defendants' Response thereto, as well as the record, to determine whether genuine issues of material fact exist regarding Plaintiff's negligence claim.

The Court finds none.[6]

The parties agree to the following material facts, which are also supported by the evidence in the record (Dkt. No. 265, Exs. 1, 11): Plaintiff was not warned as to the condition of the shower; there was no rubber mat in the Resort room shower at the time of the fall; Plaintiff used the toiletries provided by the Resort in the shower, slipped while showering, fell backwards, hit her face and back, and refused medical attention; and Plaintiff was provided with a bath mat after the incident for the duration of her stay. (Dkt. No. 265 at ¶¶ 3, 56-58). Further, Plaintiff alleges, and Defendants do not dispute, that bath mats may make showers safer. (Dkt. No. 265 at ¶ 62; Dkt. No. 292 at 6; Dkt. No. 293 at 9).

The Court also looks to the record itself to determine the alleged factual predicate for Plaintiff's claims. While the Court views the evidence in the light most favorable to the non-moving party, it need not take as fact Plaintiff's conclusions or assertions that have no basis or support in the record. *See Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 161 (3d Cir. 2009).[7] The record shows that Plaintiff was not specifically informed that mats were available and was not provided with a mat until after the fall. (Dkt. No. 265, Ex. 1 at 65, 152).

---

[6] Again, while Plaintiff's Joint Statement of Facts elaborates at length her version of the facts regarding Defendants' control of the Resort and Plaintiff's injuries, the existence of any factual disputes as to those issues is of no moment in view of the absence of any material factual dispute regarding duty and breach and the Court's rulings in connection therewith.

[7] Plaintiff makes numerous assertions that appear to have no basis in the portions of the record that she cites. For example, Plaintiff asserts that "Mr. Clarke was upset with the Marriott because the shower was slippery and unsafe," while the deposition testimony cited reveals instead his fear that Plaintiff's injury could have been worse. (Dkt. No. 265 at ¶ 59, Ex. 9 at 53). Plaintiff asserts that Ms. Hutton, Room Service Coordinator at the Resort, testified that there have been "numerous slip and fall incidents" when her actual testimony was that she did not remember receiving any calls regarding actual falls in the Resort bathtubs, and she had "probably received [one call] each year" regarding bathtub slipperiness, but did not recall receiving any calls regarding slipperiness in 2010, 2011, or 2012. (Dkt. No. 265 at ¶ 63, Ex. 8 at 24-27). Plaintiff asserts that "after the incident, in 2010, the White Rose group recommended that all guest rooms have rubber bath mats for all guests," when the testimony actually stated that the group requested mats for its own members, but did not make a recommendation or comment on the Resort room showers in general. Further, the request was not tied to Plaintiff's incident, despite what Plaintiff may imply in her Joint Statement of Facts. (Dkt. No. 265 at ¶ 64, Ex. 9 at 61).

Deposition testimony confirms that the Resort does not have a policy of providing mats to every room. (Dkt. No. 265, Ex. 9 at 57-59).[8] While the parties may characterize the Resort's history of similar incidents differently, the record reveals five bathroom slip and fall complaints, three of which occurred inside the shower. Of those three, two of the showers had bath mats in place at the time of the reported falls. (Dkt. No. 265, Ex. 6, Exs. 43-47). Deposition testimony also reveals that the Resort's manual states that bathtub treatment may be necessary after years of use; and that the Resort's tubs are manufactured with slip-resistant bottoms. (Dkt. No. 265, Ex. 9 at 41, 57; Dkt. No. 235, Ex. D).[9]

The remaining portions of Plaintiff's Joint Statement of Facts which address the alleged negligence consist primarily of conclusory statements. Such statements do not create disputed issues of fact. For example, Plaintiff states that "Marriott should have inspected the tub and made sure it wasn't slippery and provided her with a rubber mat [and] . . . should have warned her that the tub was unsafe." She also asserts that "she slipped because the floor of the tub was extremely slippery and did not have a mat." (Dkt. No. 265 at ¶¶ 3, 56). The former is a legal conclusion and the latter is a conclusory statement based on a subjective opinion, both styled as facts. A non-movant cannot simply offer conclusory statements because "[to] survive summary

---

[8] Plaintiff states in her Joint Statement of Facts that Mr. Dos Santos, Loss Prevention Manager at the Resort, testified that the "new policy is to try and provide rubber mats to every room." (Dkt. No. 265 at ¶ 60). In the evidence cited, however, Mr. Dos Santos actually says the opposite – that it is not policy to provide mats to every room, but they can be provided on request. (Dkt. No. 265, Ex. 9 at 58-59).

[9] There are disputes in the Joint Statement of Facts and the Response, but they are immaterial to the duty and breach elements of the negligence claim. Disputes over facts unnecessary to the tort claim will not preclude a grant of summary judgment. *Anderson,* 477 U.S. at 248. Cases cited by Plaintiff in her Opposition involve factual disputes regarding either a foreign substance, the circumstances of the incident, or both. *See David by Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230 (3d Cir. 1984) (foreign substance); *Ely v. Blevins*, 706 F.2d 479 (4th Cir. 1983) (burn case with factual dispute as to excessiveness of water temperature); *Van Stry v. State* 479 N.Y.S.2d 258 (N.Y. App. Div. 1984) (factual dispute as to whether warnings and notice had been given); *Wells v. Howard*, 439 P.2d 997 (Colo. 1968) (facts regarding safety bars and handholds disputed); *Fritts v. Collins*, 144 So. 2d 850, 851 (Fla. Dist. Ct. App. 1962) (foreign substance); *Lincoln Operating Co. v. Gillis*, 114 N.E.2d 873, 875 (Ind. 1953) (foreign substance). Those cases are inapt because no foreign substance is alleged in this case, and the parties do not disagree as to any facts bearing on Defendants' duty under the circumstances here.

judgment, something more is required." *Lue-Martin v. March Grp. L.L.L.P.*, 379 F. App'x 190, 193 (3d Cir. 2010) (internal citations omitted). A statement inferring causation based on subjective opinion, without substantiating evidence, is not a factual dispute that can go to a jury. *See Saldana v. Kmart Corp.*, 260 F.3d 228, 234 (3d Cir. 2001) ("the possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way"); *Bonelli v. United States*, No. 07-48, 2009 WL 3733331 (D.V.I. Nov. 3, 2009) (Plaintiff's subjective opinion, without more, as to why fall occurred was insufficient to create factual dispute). Thus, Plaintiff's subjective or conclusory statements do not establish triable issues of fact.

As discussed further below, the Court finds that there are no genuine issues of material fact bearing on whether Defendants had a duty to Plaintiff that was breached. The record, viewed in the light most favorable to Plaintiff, cannot support her claim as a matter of law. Accordingly, summary judgment in favor of Defendants is appropriate.

### B. Duty

The duty owed by Defendants to Plaintiff is that owed by a landowner to an entrant. Restatement (Third) of Torts: Phys. & Emot. Harm § 51 (2012). The Restatement provides that Defendants, as landowners and managers, are liable for injuries caused by hidden dangerous conditions, but are not liable for physical harm caused by a condition whose danger is known or obvious. *Id.*; *see also Monk v. Virgin Islands Water & Power Auth.*, 53 F.3d 1381, 1387 (3d Cir. 1995); *Rich v. U.S. Lines, Inc.*, 596 F.2d 541, 551 n.21 (3d Cir. 1979); *Machado v. Yacht Haven USVI, LLC.*, No. 10-542, 2012 WL 5894805 at *1-2 (V.I. Super. Nov. 15, 2012). In other words, Defendants are not negligent for failing to protect against an obvious danger, because that is not a "dangerous condition" from which liability can flow. The threshold question before the Court

is, therefore, whether the undisputed facts of this case, viewed in the light most favorable to Plaintiff, demonstrate that a dangerous condition existed such that Defendants had a duty to protect or warn about the condition. If so, failure to warn or protect could constitute a breach of their duty.

The dangerous condition alleged here is the slipperiness of the bathtub in which Plaintiff was showering when she fell. (Plt.'s Opp. to Mot. for Sum. Jud., Dkt. No. 262 at 2). There is no evidence of, or allegation that, any foreign substance was in the bathtub, and it is undisputed that the water and soap suds in the bathtub were consistent with normal usage of the shower. (Dkt. No. 265 at ¶ 58). The only evidence of slipperiness cited by Plaintiff is her subjective assessment that the bathtub was slippery, and the fact of her fall. (Dkt. No. 265, Ex. 1 at 152). The Court finds that this is an insufficient basis, as a matter of law, to create a duty to protect or warn and from which a finding of negligence can flow.[10]

First, Plaintiff's subjective opinion regarding the slipperiness of the bathtub is insufficient to establish a dangerous condition and to defeat summary judgment. *See Saldana*, 260 F.3d at 234. This is in part because "words of description are lacking in precision of meaning. What is "slippery" to one person might not be slippery to others." *Stephens*, 212 F.2d at 261 (court did not err in entering judgment for defendants where subjective opinion regarding slipperiness was only evidence of dangerous condition). Where a plaintiff "offers only his own subjective evaluation about the condition of the floor as being 'slippery,' his statements are insufficient to prove there was a dangerous condition." *Bonelli*, 2009 WL 3733331 at *4.

---

[10] The Amended Complaint alleges that Plaintiff slipped and fell in the bathtub. (Dkt. No. 63 at ¶ 13). The record citations to the interrogatory responses and deposition testimony upon which Plaintiff relies state that the unsafe condition was "the slippery material of the tub" and that she was "not warned of the slippery condition of the bathtub." (Dkt. No. 265, Ex. 1 at 152, Ex. 14 at 4). Plaintiff's argument in her Opposition, however, introduces the concepts of "excessive" and "unreasonable" slipperiness. (Dkt. No. 262 at 2, 11). Plaintiff is not, of course, at liberty to embellish the factual record in her argument. In any event, regardless of how Plaintiff now chooses to characterize the slipperiness, the Court's conclusion remains unchanged.

Moreover, even assuming that the bathtub was slippery, as Plaintiff asserts, the Court joins with other courts which have concluded that slipperiness resulting from customary soap and water usage in a shower does not constitute a dangerous condition from which liability flows. In confronting substantially the same facts as in the instant case, many courts have held that there is no duty or breach, and thus no negligence. *See, e.g. Brault by Brault v. Dunfey Resort Corp.*, No. 87-6899, 1988 WL 96814, at *9 (E.D. Pa. Sept. 13, 1988), *aff'd,* 870 F.2d 650 (3d Cir. 1989) and cases cited; *Early v. John A. Cooper Co.,* 435 F.2d 342, 347 (8th Cir.1970); *Adams v. Powell,* 351 F.2d 273, 274 (10th Cir.1965); *Dempsey v. Alamo Hotels, Inc.,* 76 N.M. 712, 418 P.2d 58, 62 (N. M. Sup. Ct. 1966).[11]

Individuals are charged with the knowledge that bathtubs are slippery when water and soap are added. *Brault*, 1988 WL 96814 at *9 ("courts expect guests to possess common-sense knowledge of everyday facts, e.g., that water is slippery on tub or shower surfaces"). Indeed, this Court has noted that "the weight of authority holds that it is common knowledge that bathtubs are slippery when wet." *Younger v. Virgin Islands Yacht Harbor, Inc.*, No. 1991-44, 1993 WL 13031390, *2 (D.V.I. Dec. 29, 1993), *aff'd*, 46 F.3d 1121 (3d Cir. 1994). The "majority of courts charge guests with reasonable use of their senses to keep a lookout for open and obvious conditions in bathrooms, including the fact that water is slippery on tub or shower surfaces." *Brault*, 1988 WL96814 at *9. Because a shower's slipperiness while in use is common knowledge, and is open and obvious, (*see Fedorczyk*, 82 F.3d at 73), the potential slipperiness of a shower in normal use is not a dangerous condition against which landowners

---

[11] Where a plaintiff asserts and provides direct evidence of an unusual condition, such as a foreign substance, atypically hot water, or poor drainage, courts are more inclined to find a triable issue of fact. *See Caliendo v. Trump Taj Mahal Associates*, Civil No. 03-5145, 2006 WL 3694605 (D.N.J. Dec. 13, 2006). Here, Plaintiff does not allege that any such unusual condition existed in the shower. Almost all cases cited by Plaintiff in her Opposition are cases involving a foreign substance. See cases listed in note 9, *supra.*

must protect lest they be found negligent. *See, e.g. Dille v. Renaissance Resort Mgmt. Co., LLC*, No. 10-1983, 2012 WL 2396666, *3 (E.D. Mo. June 25, 2012) (citing *Brown v. Dover Downs, Inc.*, No. 10C-06-180, 2011 WL 3907536, *7 n.71 (Del. Super. Aug. 30, 2011), *aff'd,* 38 A.3d 1254 (Del. 2012)) ("because the potential danger created when a bathtub becomes wet is not hidden or difficult to ascertain, there is no duty, as a matter of law, to provide precautions against such conditions.").

Further, the fact that Plaintiff fell while showering is a legally insufficient basis for finding that a dangerous condition existed. *Dorney*, 350 F. App'x at 651. Thus, Plaintiff's fall cannot serve to establish the existence of a dangerous condition against which Defendants had a duty to protect. This Court explained in *Bonelli* that a "fall alone, no matter how [it occurred] is not evidence of a dangerous condition from which an inference of [defendant's] negligence can be drawn . . . [the fall does] not raise a genuine, triable issue of material fact for a jury to resolve about the dangerousness." *Bonelli,* 2009 WL 3733331 at *4.

Equally unavailing for purposes of creating a duty is Plaintiff's contention that Defendants had notice that a bath mat would improve safety based on Defendants' experience with past incidents; the fact that mats were provided upon request; and the fact that Plaintiff was provided with a mat after her fall. (Dkt. No. 262 at 11-13). That a bath mat could improve safety does not lead one to reasonably infer that the bathtub was previously unsafe or constituted a dangerous condition necessitating action by the landowner. *See Minter v. Prime Equip. Co.*, 356 F. App'x 154, 161 (10th Cir. 2009) ("even though the lift might have been safer with the solid guardrail, as [defendant] acknowledges, that does not mean the lift was defective and unreasonably dangerous."); *Parker v. Cogentrix Blount Cnty. Holdings, Inc.*, No. 03-0397, 2006 WL 561885 (N.D. Okla. Mar. 6, 2006) ("[e]vidence that a product could be made 'safer' does

not establish that it was less safe than would be expected."); *Cartter v. Marcus Resorts, Inc.*, 820 N.W.2d 155, at *6 (WI App 2012) (while a mat or strips could have improved bathtub safety, that "does not logically lead to the conclusion that the bathtub was *unsafe* without the bathmat or that the bottom of the bathtub was worn, necessitating a bathmat.").[12]

Similarly without merit is Plaintiff's reliance on past incidents, the fact that mats were provided upon request, and the fact that Plaintiff was provided with a mat following her fall as evidence of notice to Defendants of a dangerous condition and a corresponding legal duty. Regarding the past incidents, the argument is belied by the record in the case which reveals that two of the three in-shower bathroom slip and fall incidents occurred with bath mats already in place. (Dkt. No. 265, Ex. 6, Exs. 43-47). As to the availability of bath mats upon request, Plaintiff has provided no authority to support her contention that this creates a legal duty, and the Court is unaware of any. With regard to providing a mat to Plaintiff after her fall, it is axiomatic that evidence of a remedial action taken after an incident is inadmissible to prove Defendants' negligence. *Kenny v. Se. Pennsylvania Transp. Auth.*, 581 F.2d 351, 356 n.3 (3d Cir. 1978) (quoting Federal Rule of Evidence 407: "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence [or] culpable conduct."). Plaintiff thus cannot use eventual receipt of a mat to support an argument that Defendants were negligent in failing to provide one in the first instance. *See Petree v. Victor Fluid Power, Inc.*, 887 F.2d 34, 37 (3d Cir. 1989); *United Order of Am. Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 331, 334 (7th Cir. 1975) ("inference that premises were unsafe should not be drawn from repairing

---

[12] Wisconsin's safe-place statute, which was at issue in *Cartter*, was noted by the Court as imposing a "higher standard of care than is imposed by common-law negligence," notwithstanding the caveat that the statute "addresses unsafe conditions, not negligent acts." *Cartter,* 820 N.W.2d 155 at *3.

done subsequent to an accident.").

In sum, where—as here—there is no evidence as to dangerousness other than Plaintiff's subjective opinion and the fact of a fall, there is no dangerous condition, as a matter of law, that would confer a duty to warn or protect. Thus, Plaintiff has failed to show that there was a dangerous condition which created a duty upon which her negligence claim can be premised. On this ground alone, the entry of summary judgment in favor of Defendants is appropriate.

### C. Breach

Defendants' failure to warn or protect against a dangerous condition, if one existed, could constitute a breach of duty. *Perez* 2013 WL 4442434 at *5; *see Jones v. Abner*, 335 S.W.3d 471, 476 (Ky.App.2011). Here, Plaintiff alleges both a failure to warn regarding the alleged slipperiness, and a failure to protect against it by providing a bath mat as bases for finding Defendants negligent. (Dkt. No. 262 at 13). It is undisputed that Plaintiff was not warned regarding any condition in the bathtub, and it is also undisputed that Defendants had not placed a mat in the bathtub prior to the fall.

Plaintiff's argument that Defendants' failure to warn or protect constituted a breach of duty is premised, of course, on the assumption that a duty exists that can be breached. As discussed above, however, because the risk of bathtub slipperiness is open and obvious, the alleged slipperiness of the bathtub did not constitute a dangerous condition which conferred a duty on Defendants. *See Younger*, 1993 WL 13031390 at *2-3; *Brault*, 1988 WL 96814 at *9 ("courts hold innkeepers not negligent in failing to supply bathmats, non-skid strips, or other bathroom safety devices."). And, because there was no dangerous condition of which Defendants had notice as a matter of law, they had no duty to warn or protect against such a condition and did not breach a duty by failing to warn or take protective measures. *See Perez*,

2013 WL 4442434 at *3; *Williams v. United Corp.,* No. 2007-118, 2008 WL 2714211, at *3 (V.I. July 10, 2008) (Plaintiff must show notice of dangerous condition in order to present dispute sufficient to defeat summary judgment motion); *Churchwell v. Red Roof Inns, Inc.*, Civ. No. 08-1125, 1998 WL 134329, *3 (Ohio Ct. App. Mar. 24, 1998); *LaBart v. Resort Vendome Corp.*, 213 F.Supp. 958 (D.Mass.1963) (finding no negligence due to failure to warn or provide bath mats because of obvious risks associated with showering). Thus, because the existence of a legal duty is a prerequisite to establishing a breach of such duty, Plaintiff's faulty premise that a duty exists is dispositive of the issue of any potential breach. [13]

## IV. CONCLUSION

The record herein establishes that no factual dispute exists that is material to the issue of Defendants' duty or breach of a duty. Defendants owed no legal duty to warn or protect because the alleged slipperiness of the bathtub does not constitute a dangerous condition from which liability could flow. With the absence of a dangerous condition, and thus no notice thereof, Plaintiff cannot establish that Defendants breached a duty by failing to warn or protect against the obvious and inherent risk of a slippery bathtub. Because the undisputed facts show that Plaintiff cannot establish a duty, and therefore a breach of duty, Defendants are entitled to summary judgment in their favor.

For the foregoing reasons, and pursuant to Rule 56(c), Defendants' Second Motion for Summary Judgment will be granted. An appropriate Order accompanies this Opinion.

Date: February 6, 2014 _____/s/_____
                                                                 WILMA A. LEWIS
                                                                 Chief Judge

---

[13] Because the Court finds no duty, and therefore no breach, it need not reach the issues of causation or injury in fact. Further, Plaintiff's claim of failure to "properly inspect, maintain, supervise and control" is necessarily premised on the existence of a dangerous condition, and therefore also fails as a matter of law.