# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| CARMEN McALPIN CLARKE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2008-0086 |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| ROYAL ST. KITTS BEACH RESORT, LTD., ) | |
| and LUXURY HOTELS INTERNATIONAL ) | |
| MANAGEMENT ST. KITTS, LTD. ) | |
| f/k/a MARRIOTT ST. KITTS MANAGEMENT ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Marriott International, Inc.*

**Michael J. Sanford, Esq.,**
**Thomas G. Kraeger, Esq.**
St. Croix, U.S.V.I.
    *For Defendants Luxury Hotels International Management St. Kitts, Ltd.*
    *and Royal St. Kitts Beach Resort, Ltd.*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Reconsideration of this Court's Order of February 6, 2014," filed by Plaintiff Carmen McAlpin Clarke. (Dkt. No. 355). In her Motion, Plaintiff seeks reconsideration of the Court's grant of summary judgment in favor of Defendants on Plaintiff's negligence claims (Dkt. No. 353). Defendant Marriott International, Inc.

("Defendant Marriott"), and Defendants Luxury Hotels International Management St. Kitts, Ltd. and Royal St. Kitts Beach Resort Ltd. (collectively, "Defendants St. Kitts Resorts"), filed Oppositions to the Motion (Dkt. Nos. 356, 357), and Plaintiff filed a Reply to each of the Responses (Dkt. Nos. 362, 363). Subsequently, Plaintiff filed a "Notice of Filing Additional Legal Authority in Further Support of Plaintiff's Motion for Reconsideration" (Dkt. No. 369), pursuant to which the Court entered an Order requiring the parties to submit supplemental briefing addressing the decision of the Virgin Islands Supreme Court in *Machado v. Yacht Haven U.S.V.I., LLC*, 2014 WL 5282116 (V.I. Oct. 16, 2014) (Dkt. No. 370). After reviewing the parties' initial and supplemental briefing and the entire record herein, for the following reasons the Court will grant Plaintiff's Motion for Reconsideration.

I. BACKGROUND[1]

Plaintiff, a resident of St. Croix, traveled to Defendants' resort hotel in St. Kitts in June 2008. (Dkt. No. 265, Exh. 1 at 43). On the morning of June 27, 2008, Plaintiff slipped and fell in the shower of her hotel room. (*Id.* at ¶ 3). Plaintiff claims that she slipped because the bathtub was "extremely slippery and did not have a rubber mat." (*Id.*). There is no allegation that the shower contained any foreign substance or that it was otherwise in disrepair. Plaintiff returned to St. Croix two days after the incident, on June 29, 2008. (*Id.*, Exh. 1 at 71-73).

Plaintiff filed her operative Complaint on October 26, 2009. (Dkt. No. 63). After extensive discovery, Defendant Marriott filed a Motion for Summary Judgment (Dkt. No. 36), which the Court denied (Dkt. No. 103). Defendants jointly filed two additional Motions for Summary Judgment—a jurisdictional challenge (Dkt. No. 237), and a Second Motion for Summary

---

[1] The Court set forth in detail the background of this case in its Memorandum Opinion granting Defendants' Second Motion for Summary Judgment. (Dkt. No. 353). The Court will therefore repeat only the background necessary to provide context for the instant Motion.

Judgment on the merits of Plaintiff's negligence claim (Dkt. No. 235). In a Memorandum Opinion and accompanying Order, the Court denied the former Motion and granted the latter Motion. (Dkt. Nos. 353, 354). The Court reasoned that "[t]he duty owed by Defendants to Plaintiff is that owed by a landowner to an entrant" and that "Defendants, as landowners and managers, are liable for injuries caused by hidden dangerous conditions, but are not liable for physical harm caused by a condition whose danger is known or obvious." (Dkt. No. 353 at 10). Accordingly, the Court found that Plaintiff could not, as a matter of law, establish a duty owed to her by Defendants because, *inter alia*, "a shower's slipperiness while in use is common knowledge, and is open and obvious." (*Id.* at 12). Because establishing a duty is a required element of negligence under Virgin Islands law, the Court found summary judgment in Defendants' favor was appropriate. (*Id.* at 10, 15).

After the Court issued its Memorandum Opinion, Plaintiff timely filed the instant Motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.3. (Dkt. No. 355). On October 16, 2014, after Defendants responded to the instant Motion and Plaintiff filed her Reply, Plaintiff filed a Notice of Filing Additional Legal Authority in Further Support of Plaintiff's Motion for Reconsideration. (Dkt. No. 369). In her Notice of Additional Legal Authority, Plaintiff states that "[t]he Virgin Islands Supreme Court has today issued an opinion in the case of *Machado v. Yacht Haven*" and that the "*Machado* Opinion is intervening and controlling law that supports reconsideration of this Court's grant of summary judgment." (*Id.* at 1-2). The Court ordered the parties to file supplemental briefing explaining the effect of *Machado*.

In her "Supplemental Memorandum of Law in Support of Motion for Reconsideration" (Dkt. No. 372), Plaintiff argues that the Supreme Court in *Machado* "held that any argument that the danger was open and obvious, such that Plaintiff should have been aware of the danger, cannot form the basis for a grant of summary judgment in favor of a Defendant." (*Id.* at 3). Thus, Plaintiff

3

asserts, after *Machado* and in view of the Virgin Islands' comparative negligence statute at 5 V.I.C. § 1451(a), any argument that a shower without a bathmat constitutes an open and obvious risk is a question for the jury. (*Id.* at 2-3). Similarly, Plaintiff argues that Defendants owed Plaintiff a duty under the foreseeability of harm test because "it was foreseeable to Defendants that a guest, such as Plaintiff, would slip and fall in the slippery bathtubs without a mat." (*Id.* at 6).

Defendants each filed a supplemental memorandum in response arguing that the *Machado* decision is not an intervening change in controlling law. (Dkt. No. 373 at 1; Dkt. No. 374 at 1-2). In its "Supplemental Briefing Re: Plaintiff's Motion for Reconsideration," Defendant Marriott argues that the Court's holding is consistent with *Machado* because it correctly applies the foreseeability of harm test and finds that Defendants had no notice that their bathtubs were in an unsafe condition. (Dkt. No. 373 at 6). In their "Supplemental Briefing Regarding the Effect of *Machado* on Plaintiff's Motion for Reconsideration," Defendants St. Kitts Resorts similarly argue that, as noted by the *Machado* court, possessor liability is premised on the possessor's superior knowledge of a dangerous condition. (Dkt. No. 374 at 2). Defendants St. Kitts Resorts assert that they had no superior knowledge upon which possessor liability could arise because the slipperiness of a bathtub is "common knowledge." (*Id.*). Defendants also contest that the *Machado* decision affects the assumption of risk doctrine in light of the Virgin Islands' comparative negligence statute, and that "these concepts only come into play after a finding of negligence." (Dkt. No. 373 at 4-5; *see also* Dkt. No. 374 at 1). Defendants maintain that *Machado* therefore has no impact on the Court's ruling, which held that Defendants owed Plaintiff no duty because the slipperiness of the bathtub was an open and obvious danger. (Dkt. No. 373 at 4-5; Dkt. No. 374 at 1). Finally, Defendant Marriott argues that the law of St. Kitts is the law that should be applied to this case

4

and that "Plaintiff has not shown that there has been any change to the law of St. Kitts." (Dkt. No. 373 at 2).

Plaintiff filed a "Consolidated Reply to Defendants' Supplemental Briefs" in which she maintains that the Supreme Court's ruling in *Machado* regarding the assumption of risk doctrine does in fact affect the Court's ruling that no duty existed because the bathtub was an open and obvious risk. (Dkt. No. 375 at 2-3). Plaintiff also argues that, after *Machado*, the Court must now apply the foreseeability of harm test to the bathtub in which Plaintiff slipped. (*Id.* at 4-6). Finally, Plaintiff argues that Defendant Marriott "has failed to demonstrate that the negligence law of the [Virgin Islands] differs from that of St. Kitts in any significant way" and, therefore, the law of the Virgin Islands governs the instant matter. (*Id.* at 9-10).

Because the Court finds that the Virgin Islands Supreme Court's decision in *Machado* is an intervening change in controlling law, it will grant Plaintiff's Motion.

## II.   DISCUSSION

### A.   Applicable Legal Standards

"The purpose of a motion for reconsideration . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a motion for reconsideration must be based on at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id*. (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also* LRCi 7.3 (listing same three grounds). Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with the device's "stringent" standard.

*Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995)) (quotations omitted); *see also Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic*, 312 F. Supp. 2d at 733). Reconsideration is not a substitute for appeal and is not a proper avenue for repeated litigation of the merits of a case. *See Green v. Apker*, 153 F. App'x 77, 80 n.5 (3d Cir. 2005); *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

To prevail on summary judgment, a party must show that there is "no genuine issue as to any material fact," such that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court, on summary judgment, is required to view the facts in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Where the record cannot, as a matter of law, support a finding for the non-movant, summary judgment is appropriate. *See N.A.A.C.P. v. N. Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). While error in applying this standard is a possible basis for reconsideration, a motion for reconsideration may not consist of argument "recasting, or reshaping [the] earlier arguments" on summary judgment. *United States v. Christopher*, 2013 WL 1181962, at *3 (D.V.I. Mar. 22, 2013) (citing *Prusky v. Prudential Ins. Co. of Am.,* 44 F. App'x 545, 548 n.1 (3d Cir. 2002) (noting that the purpose of a reconsideration motion "is not to allow a party . . . a second bite at the apple")).

B. **Analysis**

a. **The *Machado* Decision**

The Virgin Islands Supreme Court's decision in *Machado* marks an intervening change in the controlling law that the Court applied when granting Defendants' Motion for Summary Judgment. The crux of this Court's holding was that Plaintiff "failed to show that there was a dangerous condition which created a duty upon which her negligence claim can be premised." (Dkt. No. 353 at 15). The Court's primary justification for this ruling was its finding that the slipperiness of the bathtub in which Plaintiff was showering when she fell was an obvious danger and that "Defendants, as landowners and managers, are liable for injuries caused by hidden dangerous conditions, but are not liable for physical harm caused by a condition whose danger is known or obvious." (Dkt. No. 353 at 10-11; *see also* at 12-13 ("Because a shower's slipperiness while in use is common knowledge, and is open and obvious, the potential slipperiness of a shower in normal use is not a dangerous condition against which landowners must protect lest they be found negligent.") (internal citation omitted)). After the *Machado* decision, this analysis is no longer correct.

In *Machado*, the plaintiff was walking across a parking lot to reach her car. 2014 WL 5282116 at *1. The area in which the plaintiff's car was parked was behind a median bounded on each side with an eight-inch curb and within which were vegetation and sprinklers servicing the vegetation. *Id.* Although the median contained no designated path for pedestrians to cross, to reach her car the plaintiff took her "usual route" and walked through the median instead of around it. *Id.* While doing so, she tripped and fell over a sprinkler that had failed to retract into the ground and the plaintiff sustained injuries as a result. *Id.* Plaintiff fell in the evening when the lighting in the parking lot was dim. *Id.*

7

The Virgin Islands Superior Court granted summary judgment in favor of the defendant, the owner of the parking lot. *Id.* In so holding, the Superior Court applied the "tripartite system" of premises liability to find that "at the time and place of her injury, [the defendant] did not owe [the plaintiff] a duty of care." *Id.* at *3. The Superior Court went on to hold that the plaintiff's claim also failed because she "assumed the risk of entering the median" noting that she "had reason to know of the condition and risk involved when traversing the . . . median in the dark." *Id.* at *9.

The Virgin Islands Supreme Court reversed the Superior Court, noting that "dividing entrants into invitees, licenses, and trespassers to define a land possessor's duty of care in premises liability actions . . . conflicts with this Court's jurisprudence and modern negligence law generally." *Id.* at 5. Instead of the tripartite system, the Supreme Court held that "the soundest common law rule for the Virgin Islands . . . is that the foreseeability of harm 'is the touchstone of the existence of a land possessor's duty of reasonable ordinary care.'" *Id.* at 5 (quoting *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 2013 WL 4442434, at *5 (V.I. Aug. 14, 2013) (brackets omitted)). Applying this standard, the Supreme Court held that the plaintiff satisfied her burden at summary judgment regarding the defendant's duty of care because testimony indicated that "countless people" regularly walked across the median instead of around it but that the defendant had not posted warning signs about doing so. *Id.* at 8. The Supreme Court concluded that "a reasonable jury could conclude that [the defendant] should have foreseen that the median would be used in such a manner and that it should have taken reasonable steps to prevent its patrons from being injured in doing so. Therefore, the Superior Court erred in holding as a matter of law that [the defendant] did not owe [the plaintiff] a duty of care once she entered the median." *Id.* The Supreme Court similarly reversed the Superior Court's ruling regarding assumption of risk, reasoning that "maintaining implied assumption of risk as a complete defense to negligence

8

conflicts with the Legislature's unambiguous directive in 5 V.I.C. § 1451(a)" (the Virgin Islands comparative negligence statute). *Id.* at *10.

In the instant case, the Court found that Defendants did not owe Plaintiff a duty of care because the dangerousness of the wet bathtub was open and obvious. However, it is now clear after the Virgin Islands Supreme Court's ruling in *Machado* that the proper inquiry is whether a reasonable jury could conclude that Defendants should have foreseen that Plaintiff could slip and sustain injuries while using the bathtub and should have taken reasonable steps to prevent such injuries. The Court's analysis in the Memorandum Opinion does not utilize the foreseeability test set forth in *Machado*. Rather, the Court reasoned that because the risks associated with the shower were open and obvious to Plaintiff, no duty of care existed. (Dkt. No. 353 at 12). This analysis runs counter to the foreseeability test in *Machado* as well as the Supreme Court's reasoning that concluding that no duty existed because of a plaintiff's own actions is akin to "granting summary judgment because a plaintiff contributed to her own injury," which is expressly prohibited by statute. *Machado*, 2014 WL 5282116 at *5 (citing 5 V.I.C. § 1451).

Defendant Marriott argues that the Court's Memorandum Opinion is consistent with *Machado* and the foreseeability of harm test. (Dkt. No. 373 at 2-4). Defendant Marriott asserts that judgment as a matter of law is still appropriate after *Machado* when—as in the present case—"a landowner has 'no reason to anticipate the entrant's injury (such as when there was no notice of a dangerous condition.'" (*Id.* at 4 (quoting *Machado*, 2014 WL 5282116 at *7)). Defendant Marriott contends that the Court correctly applied the "foreseeability of harm" test when it "review[ed] Plaintiff's 'evidence' of notice to find that there was no notice of danger (and thus no foreseeability of harm) to [Defendants] that the bathtub was in an unsafe condition." (*Id.* at 6). This argument is unavailing.

9

Defendant Marriott's assertion that the Court correctly applied the foreseeability of harm test to Plaintiff's evidence overlooks the premise in the Court's analysis that an open and obvious condition cannot give rise to a duty of care. (Dkt. No. 353 at 12-13). Although the Court did review Plaintiff's evidence to find that "Plaintiff has failed to show that there was a dangerous condition," (*id.* at 15) the Court did so in accordance with those legal authorities which concluded that "the potential slipperiness of a shower in normal use is not a dangerous condition" (*id.* at 12 (citing *Dille v. Renaissance Resort Mgmt. Co., LLC*, 2012 WL 2396666, *3 (E.D. Mo. June 25, 2012) (citing *Brown v. Dover Downs, Inc.*, 2011 WL 3907536, *7 n.71 (Del. Super. Aug. 30, 2011), *aff'd,* 38 A.3d 1254 (Del. 2012)))).[2] In other words, the Court's analysis was grounded in the premise that Plaintiff was required to provide evidence of some condition beyond the existence of a shower in normal use in order to establish the existence of a dangerous condition. After *Machado*, however, the correct analysis is whether a reasonable jury could conclude that Defendants should have foreseen that Plaintiff's normal use of the shower—including the slipperiness thereof when wet—could have caused her injury, thus requiring Defendants to take reasonable steps to prevent such injuries. *Machado*, 2014 WL 5282116 at *7. The analysis the Court applied in its Memorandum Opinion is incompatible with this standard and, therefore, is no longer correct under Virgin Islands law.

Defendants St. Kitts Resorts similarly argue that the Supreme Court in *Machado* observed that the rationale for possessor liability "is based on the [land] possessor's superior knowledge of the property," and that in the instant case, Defendants possessed no "superior knowledge." (Dkt.

---

[2] The Court contrasted this situation with one "[w]here a plaintiff asserts and provides direct evidence of an unusual condition, such as a foreign substance, atypically hot water, or poor drainage, [where] courts are more inclined to find a triable issue of fact." (Dkt. No. 353 at 12, n.11 (citation omitted)).

No. 374 at 2 (quoting *Machado*, 2014 WL 5282116 at *5) (quotations omitted)).[3] Referencing the Court's Memorandum Opinion, Defendants St. Kitts Resorts assert that "it is 'common knowledge' that bathtubs are slippery when water and soap are added," and that Defendants and Plaintiffs both knew of this fact. (*Id.*). Because Defendants did not possess superior knowledge of a dangerous condition, Defendants St. Kitts Resorts argue, they did not owe Plaintiff a duty of care. (*Id.*). The Court disagrees with Defendants St. Kitts Resorts' characterization of *Machado* and the instant case.

While the opinion in *Machado* has language of the nature quoted by Defendants St. Kitts Resorts, it is clear that the Supreme Court in *Machado* did not focus on the relative knowledge of the defendant concerning the status of the dangerous median versus that of the plaintiff. Rather, the focus of the Court's analysis was whether "[the defendant] should have foreseen that the median would be used in such a manner." *Machado*, 2014 WL 5282116 at *8. Moreover, contrary to Defendants St. Kitts Resorts' assertion, in *Machado* it is not "clear that the defendant/possessor of land had superior knowledge of the condition of the land." (Dkt. No. 374 at 2). In *Machado*, the lighting in the parking lot was dim when the plaintiff fell, and the median where she fell contained sprinkler heads that had failed to retract. 2014 WL 5282116 at *1. However, the plaintiff in *Machado* obviously could perceive the dim lighting and had reason to know of the median's condition as crossing it was her "usual route" to her car. *Id.* at 1. Indeed, this was the basis of the

---

[3] Defendants also cite *Brault by Brault v. Dunfey Hotel Corp*, 1998 WL 96814 (E.D. Pa. 1988)—a case noted in the Court's Memorandum Opinion—for the proposition that "numerous courts have determined that the possessor of land has no duty to warn that a bathtub is slippery when wet." (Dkt. No. 374 at 2-3). The *Brault* decision does not, of course, change the Supreme Court's articulation of the law in *Machado*, and Defendants fail to explain how the case aids in this Court's interpretation of Virgin Islands law as it currently exists.

11

Superior Court's finding that the plaintiff entered the median at her own risk, knowing of the dangers involved. *Id.*

Thus, as established in *Machado*, the applicable inquiry here is not which party had superior knowledge. Rather, as noted earlier, the proper inquiry is whether a reasonable jury could conclude that Defendants should have foreseen that Plaintiff's normal use of the shower—including the slipperiness thereof when wet—could have caused her injury, thus requiring Defendants to take reasonable steps to prevent such injuries. *Machado*, 2014 WL 5282116 at *7-8. As the Supreme Court explained in adopting what it deemed to be "the soundest common law rule for the Virgin Islands": "[T]he foreseeability of harm 'is the touchstone of the existence of [a land possessor's] duty of reasonable or ordinary care.'" *Id.* at *5 (quoting *Perez*, 2013 WL 4442434, at *5). Defendant St. Kitts Resorts' argument to the contrary is therefore rejected.

Defendants also attempt to distinguish *Machado* by asserting that the assumption of risk doctrine that the Supreme Court rejected in *Machado* is inapplicable to the Court's ruling, which held that an open and obvious condition cannot be a dangerous condition giving rise to a duty. (Dkt. No. 373 at 5-6; Dkt. No. 371 at 1-2). Defendants argue that the concept of "assumption of risk" is applicable only after a finding of negligence—not when determining whether a dangerous condition existed for the purposes of a duty analysis. (Dkt. No. 373 at 5-6; Dkt. No. 371 at 1-2). The Court also finds this argument unpersuasive.

Defendants' position that *Machado*'s ruling regarding implied assumption of risk is inapplicable to an analysis of whether a duty existed reads *Machado* too narrowly. Admittedly, the concept of implied assumption of risk that the *Machado* court addressed is theoretically distinct from the doctrine of open and obvious risk as used in the Court's analysis. While the implied assumption of risk concept "involves an affirmative defense to an established breach of duty,"

12

*Machado*, 2014 WL 5282116 at *11 (quoting *Williamson v. Smith*, 491 P.2d 1147, 1151 (N.M. 1971)) (quotations omitted), the concept of open and obvious risk concerns whether a land possessor owes a duty of care (Dkt. No. 353 at 12-13). However, the Court nonetheless finds that *Machado* makes clear—at least as to the facts of the instant case—that Virgin Islands law no longer permits a finding of summary judgment based on the fact that a slippery shower in normal use constitutes an open and obvious risk.

In *Machado*, the Supreme Court did not—as Defendants would have the Court do here—interpret the Virgin Islands comparative negligence statute and the doctrine of implied assumption of risk as having no impact on the issue of whether the defendant owed the plaintiff a duty of care. Indeed, in striking down the tripartite system traditionally used to determine the duty of care owed by a land possessor, the Supreme Court reasoned that the tripartite system improperly emphasized the actions of the plaintiff. *Machado*, 2014 WL 5282116 at *5. Specifically, the Supreme Court reasoned that "to allow summary judgment where there is evidence that a plaintiff's injury was foreseeable to a land possessor, yet the possessor did not take reasonable action to prevent that injury, inappropriately places the focus of attention on the plaintiff's actions alone" and that "permitting summary judgment based on a legal determination that a plaintiff's actions made her a licensee instead of an invitee is akin to granting summary judgment because a plaintiff contributed to her own injury—something expressly prohibited by statute in the Virgin Islands." *Id.* (citing 5 V.I.C. § 1451). Likewise, the Supreme Court noted that its decision to abolish the doctrine of implied assumption of risk "follows directly from the abolishment of the [tripartite system of] invitee, licensee, and trespasser status distinctions." *Id.* at *11. The Supreme Court reasoned that both the assumption of risk concept and the tripartite system improperly took adjudication of negligence cases away from a jury:

13

> [L]ike the trichotomy, assumption of risk has served as simply another way to prevent a plaintiff's claims from getting before a jury. This Court's jurisprudence has consistently favored—wherever possible—the adjudication of negligence cases by a jury, a preference codified by the Legislature in 5 V.I.C. § 1451(a), instead of by a single judge at summary judgment, and there is no cogent reason to break from this legislative and judicial policy here.

*Id.* Thus, the Supreme Court in *Machado* makes clear that the Virgin Islands comparative negligence statute and its inherent abolition of the implied assumption of risk concept impacts a court's inquiry regarding both duty and breach of duty.

Accordingly, the Court rejects Defendants' contention that *Machado*'s ruling regarding the implied assumption of risk is inapplicable to the doctrine of open and obvious risk. Dismissing Plaintiff's claim at summary judgment because the shower presented an open and obvious risk without evaluating whether Plaintiff's injury was foreseeable "inappropriately places the focus of attention on the plaintiff's actions alone" in contravention of the dictates of *Machado*. *Machado*, 2014 WL 5282116 at *5.[4] Thus, the Court concludes that its Memorandum Opinion and Order

---

[4] The Court finds that its application of the open and obvious doctrine can no longer stand based on the Supreme Court's decision in *Machado*. In addition, the Court notes that several other jurisdictions have reached similar results. 1 Comparative Negligence Manual § 1:23 (3d ed) ("[S]everal jurisdictions have concluded that the adoption of comparative negligence requires abolition of the 'no-duty' rule providing that a possessor of land owes no duty to warn a person on the premises, such as an invitee or a licensee, of open and obvious dangers. The rationale is that this rule is incompatible with comparative negligence principles, since its effect would be to resurrect contributory negligence as an absolute bar to recovery in certain cases involving premises liability. Thus, the fact that a dangerous condition was open and obvious does not negate the landowner's liability, but instead goes to the issue of comparative negligence.") (omitting footnotes); *see also Harrison v. Taylor*, 768 P.2d 1321, 1328 (Idaho 1989) (holding that the doctrine of open and obvious risk is incompatible with the state's comparative negligence statute and noting that "the major flaw with granting defendants' summary judgment motion based on the open and obvious danger doctrine [is that] a judge not a jury, is thereby ruling on quintessential issues of fact such as whether the injured party knew, or should have known of the danger, the obviousness of the danger, whether there was a justifiable reason for confronting the danger, and so on"). Although "the 'open and obvious danger' doctrine as a complete bar to recovery . . . remains good law, at least to some extent" in some jurisdictions, 1 Comparative Negligence Manual § 1:23, the Supreme Court has adopted the contrary rule as the soundest rule for the Virgin Islands.

granting Defendants' summary judgment motion are incompatible with Virgin Islands law after *Machado*.

Applying the standard articulated in *Machado* to the instant facts, the Court finds that Defendants have failed to establish that there are no genuine issues of material fact on the issue of duty of care, therefore precluding judgment as a matter of law. As noted above, the applicable inquiry here is whether a reasonable jury could conclude that Defendants should have foreseen that Plaintiff's normal use of the shower—including that it becomes slippery when wet—could cause her injuries, thus requiring Defendants to take reasonable steps to prevent such injuries. *Id.* at *8; *see also Matouk v. Marriott Hotel Servs., Inc.*, 2013 WL 6152333, at *3 (D. Mass. Nov. 21, 2013) ("The salient question is whether or not [the defendant] Marriott could anticipate, or should have anticipated, that the danger presented by the slippery tub would cause harm to [the plaintiff], notwithstanding its known or obvious danger.").[5] As noted by the Court in its Memorandum Opinion, "the record reveals five bathroom slip and fall complaints, three of which occurred inside the shower." (Dkt. No. 353 at 9). While a bath mat was in place in two of the three incidents in which a slip and fall occurred in a shower, "Plaintiff alleges, and Defendants do not dispute, that bath mats may make showers safer." (*Id.* at 8-9). Further, "[t]he record shows that Plaintiff was not specifically informed that mats were available and was not provided with a mat until after the fall." (*Id.* at 8).

Thus, when viewed in the light most favorable to Plaintiff and under the new standards set forth in *Machado*, a reasonable jury could conclude that Defendants should have foreseen that

---

[5] Unlike *Machado* where the inquiry was whether "[the defendant] should have foreseen that the median would be used in such a manner," 2014 WL 5282116 at *8, here the issue of whether Defendants should have foreseen Plaintiff's use of the shower is not at issue as it is uncontested that Plaintiff was a guest at the hotel when she was injured.

15

Plaintiff's normal use of the shower could cause her injuries—especially in light of the past slip and fall incidents. Moreover, it is for the jury to decide any reasonable steps that Defendants should have taken to prevent Plaintiff's injuries. The record shows that Defendants had bath mats available but—at least prior to the accident—failed to provide one to Plaintiff or inform her that one was available. This is sufficient to raise questions of material fact as to whether Defendants owed Plaintiff a duty of care, and as to the alleged breach of that duty.[6] Accordingly, the Court's Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment is no longer correct, and Plaintiff's Motion for Reconsideration will be granted.

b. **Choice of Law**

In an attempt to defeat Plaintiff's Motion for Reconsideration, Defendant Marriott argues—for the first time—that the law of St. Kitts should govern this case. (Dkt. No. 373 at 2). Based on this new position, Defendant Marriott asserts that Plaintiff's Motion should be denied because "Plaintiff has not shown that there has been any change to the law of St. Kitts such that St. Kitts law would follow the holding of *Machado*." (*Id.*). This argument does not alter the Court's conclusion that reconsideration is warranted here.

In its earlier Memorandum Opinion, the Court notes that "Plaintiff and Defendants agree that no 'material differences in the substantive tort law' exist between the Virgin Islands and St. Kitts, and Plaintiff would be 'required to show the same elements' to prevail in both jurisdictions." (Dkt. No. 353 at 5-6 (quoting Dkt. No. 262 at 7; Dkt. No. 235 at 4)). Based on the parties' agreement, the Court did "not engage in a choice of law analysis" and went on to apply Virgin

---

[6] The Court's ruling in its earlier Memorandum Opinion on th issue of breach was grounded in its conclusion on the issue of duty. (Dkt. No. 353 at 16 ("[B]ecause the existence of a legal duty is a prerequisite to establishing a breach of such duty, Plaintiff's faulty premise that a duty exists is dispositive of the issue of any potential breach.")). Thus, the flaw in the Court's duty analysis necessarily infects its conclusion on breach.

Islands law. (*Id.* at 6). However, the fact the Defendant is not entitled to summary judgment under Virgin Islands law remains unchanged—regardless of whether Virgin Islands or St. Kitts law applies, and regardless of whether there is a difference between the two jurisdictions. Thus, reconsideration of the Court's Memorandum Opinion and Order granting summary judgment based on an analysis of Virgin Islands law continues to be warranted.

In light of Defendant Marriott's current challenge to the governing law, the Court by separate Order will require briefing on the choice of law issue.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Reconsideration (Dkt. No. 355) and vacate its Memorandum Opinion and accompanying Order (Dkt. Nos. 353, 354) entered on February 6, 2014, granting summary judgment in favor of Defendants. An appropriate Order accompanies this Memorandum Opinion.

Date: May 8, 2017	_____/s/_____
	WILMA A. LEWIS
	Chief Judge